## THE PURE OIL COMPANY ET AL. V. ROSA REECE ET AL.

No. 6285.   Decided January 23, 1935.
Rehearing overruled February 27, 1935.
(78 S. W., 2d Series, 932.)

*Clyde A. Sweeton, David T. Searls, Wynne & Wynne, Vinson, Elkins, Sweeton & Weems,* all of Houston, for plaintiff in error.

Where the guardian and the sureties on her bond were not made parties in a suit to set aside an order of the probate court appointing such guardian, the action was not a direct attack upon the probate proceedings because all necessary parties were not before the court. Such proceeding being one in collateral attack, the recital of due notice in such order is conclusive, and controls all other portions of the record. Hannon v. Henson, 7 S. W. (2d) 613, affirmed (Com. App.), 15 S. W. (2d) 579; Robins v. Sandford, 29 S. W. (2d) 969 (Com. App.); Henry v. Beauchamp, 39 S. W. (2d) 642; Freeman on Judgments (5th Ed.) 806.

*Butler, Price & Maynor,* of Tyler, for defendants in error.

The power of the probate court to appoint a permanent guardian is statutory and the citation prescribed by statute is jurisdictional, and the order of appointment of a guardian on the same day that application for appointment is filed is void for want of jurisdiction and all subsequent orders are also void, including order of sale, and confirmation thereof, of minor's interest in real property. Arthur v. Reed, 64 S. W., 831; Loving v. Clark, 228 S. W., 590; Lutcher v. Allen, 95 S. W., 572 (writ of error refused); Pure Oil Co. v. Clark, 35 S. W. (2d) 838.

MR. JUDGE CRITZ delivered the opinion of the Commission of Appeals, Section A.

This suit was originally filed in the County Court of Van Zandt County, Texas, by Mrs. Rosa Reece, formerly Rosa Kidd, and husband, J. T. Reece, and Gordon Kidd, Virgil Kidd and Clyde Kidd, minors, who sue by their next friend, Mrs. Latvada Kidd, against Pure Oil Company and State Bank & Trust Company of Houston, Texas, both corporations, and also against J. H. Chambers and a number of other individuals. The purpose of the suit was to set aside and annul a certain order of the County Court of Van Zandt County, Texas, appointing

Mrs. L. O. Kidd, guardian of the persons and estates of Rosa Kidd, Gordon Kidd, Virgil and Clyde Kidd, all minors under the age of 14 years. Also such petition sought to set aside and annul all subsequent orders and proceedings had·in such guardianship, including certain orders pertaining to the sale by the guardian of the minors' interest in the land here involved. The petition further sought to set aside and annul a certain guardianship deed made by the guardian appointed under the above mentioned order to one J. H. Chambers. The defendants in the two lower courts were J. H. Chambers and those claiming title under him by virtue of the above mentioned guardianship deed.

The case was finally tried in the county court where judgment was rendered for the defendants, Pure Oil Company et al. The case was appealed to the district court of Van Zandt County, Texas, where on trial de novo the same judgment was rendered. On appeal by Mrs. Reece et al. to the Court of Civil Appeals that court reversed the judgments of the two trial courts and rendered judgment for Mrs. Reece et al. 48 S. W. (2d) 440. Pure Oil Company and State Bank & Trust Company have prosecuted joint writ of error to this court.

The record before us contains, among others, the following instruments and orders:

1. Application of Mrs. L. O. Kidd to County Court of Van Zandt County, Texas, to be appointed guardian of the persons and estates of her four minor children, viz: Rosa, Gordon, Virgil and Clyde Kidd. The application alleges that the father is dead, and that all of said children were under the age of 14 years. The file mark on this application bears date, June 20th, 1921.

2. Order of the County Court purporting to appoint Mrs. Kidd guardian of the persons and estates of the above named minors, all under the age of 14 years. This order recites: "On this the 20th day of June, A. D. 1921, came on to be heard the application of Mrs. L. O. Kidd for letters of guardianship of the persons and estate of Rosa, Gordon, Virgil and Clyde Kidd, minors under the age of 14 years." Such order also recites: "And it appearing to the court that due notice of said application has been given," etc. From the above it appears that, according to the file mark on the application and the purported date of the order of appointment, the order of appointment was entered on the same day the application therefor was filed. On the other hand it also appears on the face of the judgment

or order of appointment that due notice had been given on the application.

3. General guardianship bond in the sum of $500.00 executed by Mrs. Kidd as principal, and J. T. Howell and F. L. Howell as sureties. This bond was duly approved by the court on July 6, 1921.

4. Guardian's oath in due form filed July 6th, 1921.

5. Inventory and appraisement showing property of the value of $200.00, filed July 6, 1921.

6. Application of Mrs. Kidd as guardian to sell the minors' interest in the land here involved, filed on July 6, 1921.

7. Order of the court authorizing the guardian to sell the land here involved. This order was made on July 11, 1921.

8. Report of sale by the guardian. This report shows sale by the guardian of the minors' interest in this land to J. H. Chambers. This report was filed July 29, 1921.

9. Order of the court confirming the above sale and authorizing the guardian to make deed. This order was entered on August 5, 1921.

10. Deed by the guardian to J. H. Chambers.

By their brief, counsel for Rosa Reece et al. contend that the order appointing Mrs. Kidd as guardian of the four minors named therein was and is absolutely void because the statutory notice provided by Art. 4114, R. C. S., was not had on the application therefor. It is then contended that since the order appointing the guardian was void all subsequent proceedings and orders, including the guardianship deed to Chambers, were and are absolutely void.

■ Under Art. 4328, supra, "Any person interested may, by bill of review, filed in the court in which the proceedings were had, have any decision, order or judgment rendered by such court, or by the Judge thereof, revised and corrected on showing of error therein." Also the "bill of review" provided by the above statute "need not conform to the rules and is not limited by the restrictions of the equity practice as applicable to that remedy." Jones v. Parker, 67 Texas, 76. In spite of the terms of this statute, and the fact a "bill of review" thereunder is not limited by the restrictions of equity rules, still for a direct attack to be made thereunder all persons who might be in any way affected by its result must be before the court. Hannon v. Henson (Com. App.), 15 S. W. (2d) 579. In fact this rule applies generally where a judgment is attacked. 25 Tex. Jur., page 650, and notes.

■ One of the tests in determining whether an attack on a judgment is direct or collateral is whether all the parties to be affected thereby are before the court. If all such parties are not before the court the attack at best can only be classed as collateral. Hannon v. Henson, supra.

When we come to examine this record we find that J. T. and F. L. Howell, the two sureties on the general guardianship bond, were not made parties to this proceeding in any manner. In fact, the person appointed guardian only appears in the form of "next friend." Even if it should be held that the appearance of the person appointed guardian in the form of "next friend" is sufficient to bind her, a question we do not decide, still it is clearly evident that the two sureties above named would be directly and vitally affected by any judgment rendered herein pertaining to the order appointing Mrs. Kidd guardian. They are therefore necessary parties to this suit if it is to be classed as a direct attack. Since such sureties are not parties we can only consider this case as a collateral attack on the order appointing the guardian. Considering the case as a collateral attack the failure to give the mere formal notice provided by Art. 4114 cannot be shown.

■■ Before proceeding further we will say that the Probate Court of Van Zandt County, Texas, was and is without jurisdiction to annul and set aside the guardianship deed above described. Only the district court, when acting as a court of original jurisdiction can do that. Art. 1906, R. C. S.; Sec. 8, Art. 5, Texas Constitution. In the case at bar the district court acted as a court of appellate probate jurisdiction. As an appellate court in probate matters the district court can only exercise appellate probate jurisdiction. Cogley v. Welch (Com. App.), 34 S. W. (2d) 849; First State Bank of Bellevue v. Gainer, 121 Texas, 559, 50 S. W. (2d) 774. In this connection it is true that under our guardianship statutes, Art. 4328, R. C. S., "Any person interested may, by bill of review, filed in the court in which the proceedings were had, have any decision, order or judgment rendered by such court, or by the judge thereof, revised and corrected on showing of error therein," but the power to revise and correct "any decision, order or judgment" does not operate to confer on the county court jurisdiction to annul a deed conveying land.

■ As already stated, the order appointing Mrs. Kidd guardian of the persons and estates of the minors named therein expressly recited: "And it appearing to the court that due notice

of said application has been given." It has long been the rule of law in this State, in fact it is the general rule, that a judgment rendered in a civil case against a defendant without some character of appearance by him, or citation having been issued and served upon him, is a nullity. Levy v. Roper, 113 Texas, 356, and authorities there cited; State Mortgage Corporation v. Traylor, 120 Texas, 148, 36 S. W. (2d) 440. In spite of the rule just mentioned it is the settled law of this State that where a judgment is collaterally attacked plain jurisdiction recitals contained therein must be accorded absolute verity. Crawford v. McDonald, 88 Texas, 626; Levy v. Roper, supra; State Mortgage Corporation v. Traylor, supra; 25 Tex. Jur., page 650, and notes; Id., page 678, and notes. It follows that even should we apply the civil rule to the failure to give mere formal notice, no personal service being required, of an application to be appointed guardian of a minor under the age of 14 years, still the failure to give such formal notice could not be shown in a collateral attack.

As already shown, this record discloses that at the time Mrs. Kidd was appointed guardian of the persons and estates of the minors named in the order of appointment all such minors were under the age of 14 years. No personal service was therefore required. Art. 4116, R. C. S. Only formal notice was provided for. Art. 4114, R. C. S. It is contended by counsel for Rosa Reece et al. that the mere failure to give this formal notice rendered the order appointing the guardian so absolutely and utterly void that it can be set aside in this proceeding, considered only as a collateral attack. Rosa Reece et al. further contend that since the order appointing the guardian was absolutely and utterly void in the sense stated all subsequent orders and proceedings, including the deed to Chambers, were absolutely and utterly void in the same sense. We hold that the failure to give the formal notice under discussion could not be shown except in a direct proceeding with all necessary parties before the court. This ruling settles this case. We do not decide whether an order appointing a guardian would be set aside and annulled in a direct proceeding with all necessary parties before the court for the mere failure to give the formal notice provided by Art. 4114, supra. It is not necessary to decide that question in this case.

The judgment of the Court of Civil Appeals is reversed, and the judgments of the district and county courts are affirmed.

Opinion adopted by the Supreme Court January 23, 1935.