**FITZGERALD et al. v. LANE et al.**

**No. 1875.**

Court of Civil Appeals of Texas. Eastland.

March 13, 1942.

Shelburne H. Glover, of Jefferson, for appellants.

W. B. Chauncey, of Wichita Falls, for appellees.

FUNDERBURK, Justice.

Within two years after Perry Fitzgerald became 21 years of age, he and his brother, Haskell Fitzgerald, hereinafter called plaintiffs, instituted an action in the nature of a bill of review in the County Court of Marion County seeking to set aside all judgments, or orders, entered in a guardianship proceeding in said court in which said plaintiffs were the wards and their mother, Mrs. Georgia Richards (by subsequent marriage, Mrs. Georgia Pittinger), was the guardian. One of the orders purported to authorize the guardian to sell the one half interest of said minors in 43 acres of land.

The record does not show the pleadings, if any, in said action in the County Court. The judgment in that court recited that "came the parties [not otherwise named] in person and by their attorneys, save and except Maniel Carter and wife Lillie Carter; and came Maniel Carter who voluntarily made his appearance as a witness, and stated in open court that he claimed no right, title or interest in and to the land and premises in controversy; whereupon he and the said Lillie Carter are dismissed from this cause; and it appearing to the court that A. L. Sloan and J. T. Dodd, are both deceased, and are dismissed from this cause; and said parties, both plaintiffs and defendants, submitted the matters in controversy, as well of fact as of law, to the court; and the court," etc. Otherwise than thus appears, neither by pleadings nor judgment is it shown who were parties defendant in the County Court. The judgment was for the plaintiffs setting all orders aside. Certain named persons gave notice of appeal and appealed to the District Court. In the District Court the case was consolidated with a pending suit in trespass to try title brought by plaintiffs against some, at least, of the same parties.

In the District Court plaintiffs filed their pleading entitled "Petitioners' Consolidated Pleadings (On Appeal)." This pleading did not expressly purport to name the parties defendant but generally referred to them as "H. E. Lane et al." In paragraph XXII, immediately preceding the first of two prayers appearing in the pleading, the places of residence of H. E. Lane and others are alleged, including allegations that "Mrs. Georgia Richards Pittinger, guardian herein, resides in Gregg County, Texas * * * [and] that O. J. Pittinger resides in Gregg County, Texas." A part of said prayer was that "all of said parties be cited to appear and answer herein," etc. Following this prayer which seems to be applicable to that part of the consolidated case which was on appeal from the probate court are formal allegations of the original suit in that court in trespass to try title; but instead of naming the defendants in that part of the action, it is alleged that they are "those whose names are set forth in paragraph XXII above" which, as already said, includes the name of "Mrs. Georgia Richards Pittinger, guardian herein", and of "O. J. Pittinger."

In a jury trial, and upon a special verdict, deemed to have been in favor of the defendants, judgment was rendered for the defendants from which plaintiffs have appealed.

If not entirely certain, it seems quite probable that the nature of the judgment may have been materially affected by the presence, or absence, of parties to the action in the probate court. In the latter court, according to the judgment, the purchaser of the land at the guardian's sale, namely, Maniel Carter, was, with his wife, purportedly dismissed apparently upon a verbal disclaimer as a witness. Also, A. L. Sloan and J. T. Dodd were dismissed because they were dead. The judgment of the District Court recites that when plaintiffs filed their consolidated pleading that such pleading "for the first time made Maniel Carter and Lillie Carter defendants in this cause but that said defendants were not cited to appear, neither did they waive the issuance of process nor did either of them enter their appearance herein as parties to this suit and thereupon on motion of counsel for defendants the names of Maniel Carter and Lillie Carter were stricken from plaintiffs' consolidated pleading and to which action of the court plaintiffs excepted and without any objection of

any of the parties to the suit the case then proceeded to trial." The purpose of this recitation in the judgment may not be certain, but it may very well be true that at that time the court entertained the view that there was shown a want of necessary parties to the suit in the County Court, and that, therefore, as to the consolidated suit in the District Court the attack upon the orders or judgments of the probate court was properly to be governed by the rules relating to collateral attack as contradistinguished from direct attack. The case of Pure Oil Co. v. Reece, 124 Tex. 476, 78 S.W.2d 932, would certainly seem to support and justify such a view.

We deem it unnecessary to enter into a discussion of the principles and authorities to support the proposition that if the rights of the parties whose only interest in the orders or judgments of the probate court under attack was to preserve them as links in their title to the land are governed by the rules applicable to collateral attack as contradistinguished from direct attack, then as to such parties the judgment regardless of any of the questions sought to be presented by the plaintiffs was correct and should be affirmed.

Plaintiffs' main reliance upon this appeal is to have their rights determined by the rules and principles applicable to direct attack upon judgments of courts. One such rule is that the appellate court cannot presume that the lower court had jurisdiction, but, on the contrary, jurisdiction must affirmatively appear from the record. The record in this case, failing to show who were the parties defendant in the County Court, or even that any written pleadings were ever filed invoking the active jurisdiction of that court we are not authorized to review that part of the case of which the District Court had only appellate jurisdiction.

We do not hold that Maniel Carter, the purchaser of the land at the guardian's sale, was a necessary party. As to that we express no opinion. We are of the opinion that the guardian who procured the orders and executed them and whose accounting and discharge was questioned was a necessary party and the record fails to show that she was ever impleaded as a party or that she was ever cited, waived the service of citation, or appeared in the suit in the County Court. The record, therefore, fails to show the court was au-

thorized, if otherwise it would be, to set aside said orders. But for the consolidation the case on appeal to the District Court would, under the conclusion stated, be disposed of by dismissal. This cannot be done because it has been merged with the trespass to try title action, of which the court does have jurisdiction. The judgment in the suit, insofar as it was an action to establish title to the land, is not shown to have been improper.

It is, therefore, our opinion the judgment should be affirmed, and it is accordingly so ordered.