H. L. NORTON, ET AL, V. GEORGE H. CHENEY.

No. 7578. Decided March 18, 1942.
Rehearing overruled April 22, 1942.
(161 S. W., 2d Series, 73.)

*Albert B. Hall,* of Dallas, for plaintiff in error.

*John G. Wilson* and *Whitehurst & Whitehurst,* all of Dallas, for defendant in error.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

### ON MOTION FOR REHEARING.

This proceeding had its origin as an action in the nature of a bill of review to set aside all of the orders in a guardianship proceeding in the probate court. On May 7, 1941, by memorandum opinion it was held that, since the record disclosed that land had been sold in the proceeding under orders of the court, the county court was without jurisdiction to entertain the proceeding, and that same should accordingly be dismissed. Our memorandum opinion was based upon an opinion of the court released on April 30, 1941, in the case of Jones v. Sun Oil Company. Thereafter that opinion was withdrawn and, on rehearing, the jurisdiction of the county court to entertain such proceeding was upheld, 137 Texas 353, 153 S. W. (2d) 571.. We accordingly withdrew our former memorandum opinion in this case and substituted this opinion on rehearing therefor.

The relief sought by Cheney was granted by the county court and a judgment entered annuling and setting aside all

of the orders in the entire guardianship proceeding. On appeal to the district court the judgment of the county court was reversed and vacated and Cheney was denied any relief. Findings of fact and conclusions of law were filed by the judge of the district court. Cheney appealed to the Court of Civil Appeals. That court dismissed the entire proceeding upon the ground, primarily, that the bill of review sought nothing more than a declaratory judgment, which character of judgment is not sanctioned in this jurisdiction. 126 S. W. (2d) 1011.

The principal holding of the Court of Civil Appeals is reflected by this language taken from the opinion:

"Texas courts are not now empowered to render declaratory judgments as such; 25 Tex. Jur. Judments, Sec. 10, p. 375; though authorized by statutes in many other jurisdictions. This character of decree contemplates a binding declaration of right or status without consequential relief or executory process. On the other hand, the decisions of this state require that an equitable bill of review must effectuate the relief sought completely within the particular proceedings. Hermann's Hospital Estate v. Nachant (Com. App. 55 S. W. (2d) 505). The statute (Art. 4328 R. S.) under which this suit is maintained manifestly involves the same procedure. Kelsey v. Traisler, 74 S. W. 64. Except in cases that may be prescribed by law, our courts do not try cases by piecemeal."

With the holding that the rules applicable to an equitable bill of review govern in a proceeding of this nature we do not concur. In Pure Oil Co. v. Reece, 124 Texas 476, 78 S. W. (2d) 932, it was held:

" * * * Also the 'bill of review' provided by the above statute 'need not conform to the rules, and is not limited to the restrictions, of the equitable practice as applicable to that remedy.' Jones v. Parker, 67 Tex. 76, 3 S. W. 222, 224."

■ In our recent opinion in Jones v. Sun Oil Company, supra, that rule was reaffirmed. In that proceeding, which was very similar to the one in this case, this court upheld the authority and jurisdiction of the county court to set aside and annul its probate orders; even though a separate suit in the district court should be required to grant to the plaintiff the real relief sought, namely, the recovery of title to land. Upon that authority the judgment of the Court of Civil Appeals will be reversed.

■ The remaining question for decision in this case relates to the nature of the order to be entered here. Citing the case of Pure Oil Company v. Reece, supra, as authority, plaintiffs in error insist that our order should be one affirming the judgment of the district court. That judgment, as above noted, was one on the merits denying any relief to Cheney, who was plaintiff in the trial court. In its findings of fact the trial court pointed out that land had been sold in the guardianship proceedings under orders of the court, and that a sale bond had been executed in connection therewith. Neither the purchaser of the land nor the sureties on the sale bond were made parties to this proceeding. The trial court concluded, therefore, that under the holding in Pure Oil Company v. Reece, supra, the attack was collateral, and that, since Cheney failed to discharge the burden resting upon him in a proceeding of that nature of showing that the probate proceeding was void on its face, judgment should be rendered that he take nothing. Judgment was accordingly so rendered. Cheney urges that if there was a nonjoinder of necessary parties, the appellate court should remand the cause for the purpose of affording an opportunity to join such parties, or, at all events, should not render judgment on the merits or affirm a judgment so rendered.

By his petition Cheney attacked the entire guardianship proceeding on the ground that it was utterly void from its inception, and that, as a consequence each and every order entered therein was void. Under that character of attack the trial court did not exceed its jurisdiction in rendering judgment that he take nothing and its judgment so decreeing should be affirmed, unless errors were committed upon the trial which require its reversal. Pure Oil Co. v. Reece, supra.

Cheney, who was appellant in the Court of Civil Appeals, brought forward to that court many assignments of error in his brief. No rulings have been made on them, because, under that court's view of the controlling questions, it was not necessary to do so. We have inspected the brief and find that many assignments challenge specific fact findings of the district court and still others complain of the failure and refusal of that court to make additional findings. The character of judgment to be entered cannot be determined until such fact questions are decided, and the Court of Civil Appeals is the proper court to decide them.

We therefore direct that the motion for rehearing be granted; that the judgment heretofore entered in this case by

this Court be set aside; that the judgment of the Court of Civil Appeals be reversed, and that the cause be demanded to that court in order that it may consider Cheney's brief filed therein and render such judgment as is required by its rulings on the questions therein presented.

Opinion adopted by the Supreme Court March 18, 1942.

Rehearing overruled April 22, 1942.