UNION BANK & TRUST CO. OF FORT
WORTH et al. v. SMITH et al.

No. 14477.

Court of Civil Appeals of Texas.
Fort Worth.
Nov. 6, 1942.

Samuels, Foster, Brown & McGee, G. L. Robertson, Lightfoot, Robertson & Gano, Morgan Bryan, and J. R. O'Daniel, all of Fort Worth, for relators.

Claude Spratling, of Fort Worth, for respondents.

SPEER, Justice.

This is an original application for a writ of prohibition, filed by relators Union Bank & Trust Company, Sloan Lumber Company corporations, W. W. Dickinson and J. E. Dickinson, independent executors of the estate of A. D. Dickinson, deceased, Lora Gilcrist, joined by her husband, C. F. Gilcrist, Morgan Bryan, Jo S. Hubbard and W. H. Tolbert, receiver formerly appointed by the 67th District Court in a suit pending in that court, out of which this controversy grew, against respondents Carolee Smith and husband, C. W. Smith, Charles G. Hodges and Helen Simmons, in their individual capacities and as next friends for Mary Jean Simmons and June Simmons, minors, Claude Spratling, Walter L. Morris, Judge of the 67th District Court of Tarrant County, and Dave Miller, Judge of the County Court of Tarrant County, Texas.

Claude Spratling, mentioned above, is shown to be the attorney for all of the above named respondents, except Walter L. Morris and Dave Miller, Judges of the 67th District and County Court, respectively. It will be more convenient and a conservation of time hereinafter to refer to all of those named as respondents, as such, without including Spratling, Morris and Miller. However, at the proper time and place they will be referred to by names.

In support of their application, relators allege that Union Bank & Trust Co. had previously obtained a judgment for debt against Helen Gardner and her husband, W. Scott Gardner, in the 67th District Court of Tarrant County, with foreclosure of deed of trust lien on certain real estate, as against the Gardners, all of respondents except Carolee Smith and husband, and in part against all other named relators; that said other relators were named in said original suit as defendants, and upon trial some of them established first and prior liens on certain of the real estate, and that the lien of Union Bank & Trust Co. was second and inferior thereto; that the judgment of the trial court in said cause was affirmed by this court and application for writ of error was refused for want of merit by the Supreme Court. Opinion of affirmance is shown in Gardner et al. v. Union Bank & Trust Co. et al., Tex.Civ.App., 159 S.W.2d 932.

Allegations are made that relators acquired certain fully adjudicated rights under and by virtue of the judgment referred to and that respondents have filed three suits which are now pending, seeking to deprive relators of their rights so acquired. The petition has attached to it as exhibits, respondents' petitions in the respective cases and of necessity is lengthy, consisting of 248 pages printed and bound in book form.

Some of the hectic vicissitudes of this controversy are reflected by our opinion upon last appeal, 159 S.W.2d 932, and they need not be repeated here.

The suits filed by respondents, the prosecution of which relators ask us to prohibit, for brevity, will be referred to by us as Nos. 1, 2 and 3.

No. 1 is in form of a Bill of Review in probate court of Tarrant County, filed by respondents, naming as defendants several persons and corporations which, to prevent repetitions, we shall divide into classes "A" and "B". Those referred to in Class "A" were parties to the original suit in 67th District Court, which was before us in the appeal last above cited, and those included by us in Class "B" were not parties to that suit. They are, (Class "A") Union Bank & Trust Co., Sloan Lumber Co., Emma Simmons, C. E. Simmons, Helen Gardner, W. Scott Gardner, John F. Dickinson and W. W. Dickinson, independent executors of the estate of A. D. Dickinson, deceased, Lora Gilcrist, S. F. Gilcrist, Jo S. Hubbard and Morgan Bryan. (Class "B") First National Bank of Fort Worth, Texas, Continental Casualty Co., National Surety Corporation, T. Oscar Vogel, individually and as administrator of the estate of Gertrude S. Wilson, G. L. Robertson, A. L. Hedeen, Dan E. Lydick, W. H. Tolbert, as receiver in the original suit, Sidney L. Samuels and Baylor Brown, administrator with will annexed of the estate of Gertrude S. Wilson, deceased. In the petition for Bill of Review it is alleged that Continental Casualty Co. is surety on Vogel's bond as administrator; that National Surety Corporation is surety on the bond of Helen Gardner and Emma Simmons, as temporary administratrices, and that G. L. Robertson and A. L. Hedeen are sureties on the sales bond executed by Vogel as administrator at the time he purportedly sold the real estate as such administrator to Helen Gardner.

The prayer in the petition for review asks a cancellation of six orders theretofore entered by the probate court authorizing Vogel, the administrator of the estate of Gertrude S. Wilson, to sell property of the estate to pay its debts and corresponding orders confirming reports of sales made by the administrator. Also to rescind and cancel other orders made by the court approving the final account of Helen Gardner and Emma Simmons as co-administratrices and discharging them and their bondsmen as such; an order approving the annual account of Vogel as administrator and subsequent orders approving his final account and his discharge, along with his bonds-

men, as such; to rescind and cancel a previous order made approving the account of G. L. Robertson and that approving the account of T. Oscar Vogel, administrator, against the estate of Mrs. Wilson, deceased.

As ground for the relief sought respondents allege in varying forms, fraud, collusion, connivance, criminal acts, false swearing and failure of the permanent administrator, as well as the temporary co-administratrices, to report all funds coming into their respective hands, and failure of consideration relating to the claims of Robertson and Vogel. It is unnecessary for us to express any opinion here as to the sufficiency of the allegations relating to parties other than relators, and we purposely refrain from doing so.

 It is the settled law of this state that probate courts have jurisdiction of estates such as that involved in the suit out of which this application grew. Since our opinion (159 S.W.2d 932) became final, the rules and principles there announced by us became the law applicable to this proceeding, insofar as the facts were involved. The appointment of T. Oscar Vogel as permanent administrator of the estate of Gertrude S. Wilson, deceased, was valid and proper. Indeed this is not questioned by respondents in their petition for Bill of Review; they do not attack the judgment appointing him, nor his qualifications. All proceedings had in the probate court relating to the estate were in rem; all judgments, orders and decrees entered therein were binding on everybody everywhere; obviously this includes the respondents in this case, and they stand charged with notice thereof. 21 Tex.Jur. p. 206, sec. 3; Moore v. Wooten, Tex.Com.App., 280 S.W. 742; Price v. Smith, Tex.Civ.App., 109 S.W.2d 1144, and cases cited at page 1147.

Respondents raise the question in this proceeding that they were not properly before the court in the foreclosure suit by Union Bank & Trust Co. against Helen Gardner et al., decided by us on appeal. Be that as it may, we think it immaterial in this controversy for the reason they were parties to the probate proceedings above referred to and it was the judgments there entered that affected their contingent interest in the estate of their grandmother, Gertrude S. Wilson. It was determined in the appeal before us that such title as was mortgaged to Union

Bank & Trust Co. by Mrs. Gardner and husband and foreclosed· by the bank was the one acquired by the Gardners from the administrator Vogel; this would necessarily mean that if the sales by the administrator to Mrs. Gardner were legal she could properly mortgage it to the bank and after foreclosure, a purchaser at a sale made thereunder would acquire that title. Moreover, it will be observed from our opinion that administration on the estate was proper and that a sale by the administrator under orders of the probate court for payment of debts was authorized by law. It also follows that respondents had not in fact inherited anything from Gertrude S. Wilson, deceased, for the reason their mothers, Mrs. Gardner and Mrs. Simmons, were living and were the only surviving children or their descendants of Mrs. Wilson.

Reference is made frequently in both the equitable Bill of Review and in ·suit No. 2, to be discussed later, to a will of Gertrude S. Wilson and respondents' rights thereunder, as well also it is frequently asserted that Emma Simmons had no interest in the estate when she mortgaged her interest to Union Bank & Trust Co., but in all this we have no concern for the reason, as we view this controversy, the administration was proper irrespective of the purported will, and Mrs. Simmons being one of Mrs. Wilson's daughters, she did have an interest in the estate, subject to the administration.

█ It is the general rule in this state that a Bill of Review must allege, (1) a valid excuse for not appearing at the trial, (2) a meritorious defense to the judgment entered, and in some instances it has been held that the bill must be such that the whole controversy can be tried and proper judgment entered, since cases will not be tried in piece-meal. 17 Tex.Jur., sec. 28, pp. 30, 31.

█ It seems to be the settled law of this state that although there is no statutory provision for the Bill of Review in probate matters not covered by Article 4328, R.C.S. (which apparently applies alone to guardianship matters), in the absence of intervening rights of innocent third persons, erroneous judgments entered by the probate court may be reviewed and set aside under certain conditions. 13 Tex.Jur., sec. 54, p. 639; Fortson v. Alford, 62 Tex. 576, 579, Jones v. Sun Oil Co., 137 Tex. 353, 153 S.W.2d

571, involved a bill of review in a guardianship case, but the court discussed and cited authorities (page 574) supporting the rule announced in the Fortson v. Alford case, supra.

█ In Pure Oil Co. v. Reece, 124 Tex. 476, 78 S.W.2d 932, adopted by the Supreme Court, it was held that in a proceeding to review orders made in probate court the petition need not conform to the rules and is not limited to the restrictions of the equitable practice as applicable to that remedy. Such an action is not strictly speaking a Bill of Review, but is in the nature of such a bill in equity. 13 Tex.Jur., sec. 54, p. 639; Norton v. Cheney, 138 Tex. 622, 161 S.W.2d 73.

█ By the holding in the last cited case, it is apparent that actions in equity partaking of the nature of a Bill of Review in probate courts, will not be restricted to a showing entitling the complaining party to the ultimate relief sought, such as a recovery of the property, as we assume is proposed in the instant case. Naturally the probate court could not try the title to land as between the parties, but must depend upon a suit in the district court for that purpose. But we can perceive of no reason why any proposed action in equity should not state some good cause, excuse or reason why the party did not appear and contest the judgments complained of as well as to show a meritorious defense thereto had he been afforded an opportunity to properly present it. See also Donovan v. Young, Tex.Civ. App., 127 S.W.2d 517, writ refused.

█ The proposed bill in equity by respondents which we are asked to prohibit, states no excuse or reason why they did not resist the entry of the judgments in probate court which they now propose to attack; there are no allegations made as to when they discovered what they charge to be fraud, connivance and criminal acts inducing the trial court to enter the several decrees. Insofar as this record shows, respondents had their day in court when the orders now complained of by them were entered. If the orders, judgments and decrees were erroneously made, their remedy was to appeal. Smith v. Ferrell, Tex.Com.App., 44 S.W.2d 962. This was not done, nor does it appear that they were prevented from doing so by the act of any one or more of those of whom they now complain. An equitable

**932**

Bill of Review may not be substituted for an appeal.

In Price v. Smith, Tex.Civ.App., 109 S.W. 2d 1144, in discussing the kind of fraud for which courts of equity are authorized to review their judgments, at page 1150, this language was used: "The acts or conduct for which equity will annul a judgment rendered by a court of competent jurisdiction * * * have relation to fraud extrinsic or collateral to the matter tried and not to fraud in the matter on which the judgment was rendered. By extrinsic fraud, as opposed to intrinsic fraud or fraud involved in the issues actually determined, is meant that fraud which deprived a party of the opportunity to present properly his case upon the trial." Citing 25 Tex.Jur. pp. 606, 607, sec. 201, and many cases decided since the date of notes thereunder. See also Freeman on Judgments (5th Ed.), sec. 1233, p. 2567.

■ In the old case of Harn v. Phelps, 65 Tex. 592, the court had before it for construction the sufficiency of a petition which sought equitable relief from the effect of a judgment theretofore entered. What appears to be the settled rule was announced at page 597 of 65 Tex., in this language: "To entitle the appellants to the relief now sought [comparable to the relief sought by respondents in their proposed equitable suit in probate court] it is necessary that they should show that they were prevented from urging, against the judgment of which they complain, objections which would, or ought to, have prevented its rendition, and that this prevention resulted from fraud, accident or the act of the adverse party, without fault or negligence on their part."

In view of the disposition we have concluded to make of the application for writ of prohibition in this case, we have deemed it expedient to make reference to some phases of the pleading in respondents' petition for review of the judgments entered in the probate court, but if and when it should later be presented to that court nothing herein shall be construed to mean that we have prejudged such pleadings insofar as they shall affect the matters then to be heard by that court.

■ Suit No. 2, as designated by us in the early part of this discussion, is one in 67th District Court of Tarrant County by these respondents against Union Bank & Trust Co., Dan E. Lydick, Sidney L. Samuels, T. Oscar Vogel, G. L. Robertson, Scott Gardner, Helen Gardner, C. E. Simmons and Emma Simmons. In that suit, allegations are made that large sums of money were collected by Helen Gardner and Emma Simmons, as co-administratrices, belonging to the Gertrude S. Wilson estate, which were not accounted for by them in reports made to the court, and similar allegations are made relating to T. Oscar Vogel during the time he was permanent administrator, as well also that Vogel incurred debts and obligations against the estate without authority from the probate court and that all such things were not disclosed by their several reports to the court, and that the truth thereof was concealed from the court in said reports and that the court erroneously approved same and discharged the temporary and permanent administrators and their respective bondsmen. However, in that suit there are allegations to the effect that W. H. Tolbert, the receiver, appointed in connection with the foreclosure proceedings that were before us on appeal, had collected large sums of money as rentals on the property of the estate pending that suit and that Union Bank & Trust Co. had or would receive the same without a proper accounting to the estate. By the prayer in the pending Suit No. 2, respondents seek a money judgment against all the named defendants in that suit because of the wrongs set out relating to the co-administratrices, the permanent administrator and rentals collected by the receiver in the prior suit pointed out above. Whether the allegations in suit No. 2 are sufficient to entitle respondents to recover therein, we express no opinion, since in the proceeding before us we have no concern except insofar as respondents attack the foreclosure matter involved in the case before us in the appeal mentioned. Other than the effort to recover against the receiver and Union Bank & Trust Co. for rentals and the disposition of those funds when that matter is finally settled by sale under the foreclosure proceedings, in this application for prohibition, we are not concerned. The answer of respondents to this application reveals that no sale of the property by the receiver has been made, nor has any final report by him been approved or rejected by the court appointing him. We will not presume that any unlawful disposition will be made by the receiver of funds in his hands, if any, nor that either the bank or Lydick will receive same and wrongfully appropriate them; but the presumption will be

indulged that the receiver appointed by the court will act lawfully, and properly account for any funds received by him. We are not called upon in this proceeding to determine whether these respondents, in their individual capacities, could or should recover any property belonging to the Gertrude S. Wilson estate from either the temporary administratrices or the permanent administrator or their bondsmen in the suit mentioned or in any other kind of a suit, and on these phases of the case we express no opinion. A discussion of this point would involve many questions foreign to those involved in this application for the writ of prohibition; such as (1) a construction of the will of Gertrude S. Wilson; (2) whether the terms of the will subsequently probated would affect the administration proceedings had prior to its probate; (3) whether the trustees named in the will were independent executors of the estate; (4) whether in fact the respondents had such a vested interest in the estate by virtue of the will as would authorize them to recover the estate or any part thereof when by the terms of the will, title was vested in named trustees; and (5) if they did have such vested interest under the will, whether their pleadings were sufficient to entitle them to relief sought.

The statutory provisions under which we may act in such matters as those involved here are contained in Article 1823, R.C.S. Courts of Civil Appeals may, under that article, issue all writs necessary to enforce their jurisdiction. The writ of prohibition sought here is in its very nature an extraordinary remedy which will be granted only in extreme cases of necessity to protect the jurisdiction of this court against encroachments by parties and other courts. Stone v. Kuteman, Tex. Civ.App., 159 S.W.2d 107.

Suit No. 3, as designated by us, is one sought by relators to be enjoined. That appears to be an action by respondents against all of relators who were parties to the original action appealed, and affirmed by us, in statutory form of trespass to try title of the lands involved in said original suit. Under the very broad provisions of law in such cases, that suit of necessity is one to relitigate the issues involved before us upon appeal (Gardner v. Union Bank & Trust Co., 159 S.W.2d 932), and falls squarely within the provisions of Article 1823, supra, and the prosecution thereof should be prohibited.

It is well to note that in this opinion, as was done by all parties, Gertrude Emery Wilson, deceased, who owned the property in dispute, is referred to as "Gertrude S. Wilson" and many of the probate orders in the matter of that estate so recite her name; we attach no importance to the variance, for it is evident that it is all one and the same estate.

Helen Simmons, administratrix with will annexed, of the estate of Gertrude S. Wilson, deceased, with permission of this court, has intervened in this proceeding, adopting as her own all pleadings of respondents, as well also relators' Exhibits "D", "E" and "F". The exhibits so adopted are the respective petitions in what we have designated as suits 1, 2, and 3, respectively. Intervener prayed that if respondents be prohibited by us, that she as such administratrix with will annexed, be included in the same order.

It is therefore ordered that all respondents, including intervener, Claud Spratling and Dave Miller, County Judge of Tarrant County, be and they are hereby prohibited from prosecuting and trying the issues made in the bill in equity to review, annul and set aside any and all orders and parts thereof in the probate court involved in suit No. 1, or in any suit that may hereafter be filed by said parties, insofar as such suit does or may affect the judgments, orders and decrees of that court ordering the administrator Vogel to sell the property belonging to the Gertrude S. Wilson estate for payment of its debts, the confirmations of reports of said sales, the annual account and approval thereof and the several final accounts and the court's approval thereof insofar as the sale and disposition of said property were determined. Also, all respondents, including intervener, Claud Spratling and Walter L. Morris, District Judge, are prohibited from prosecuting and trying suit No. 2 in the 67th District Court of Tarrant County, insofar as it seeks recovery of a money judgment against W. H. Tolbert, receiver, Union Bank & Trust Co. and Dan E. Lydick, personally and as president of said bank, for moneys had and received for rentals and revenues during the period said property has been in the hands of said receiver. The same parties are hereby prohibited from prosecuting and hearing the trespass

to try title case hereinabove designated by us as suit No. 3. This order shall apply to and cover any and all suits and actions by said parties instituted in either of said courts now pending or to be hereafter filed, and against all said respondents except the Judges of said mentioned courts, as to any suits and actions of all kinds and characters filed in any court of this state, when same shall have for their purpose to question, modify, set aside or alter the former judgment of this court entered pursuant to the opinion in said case of Gardner et al. v. Union Bank & Trust Co., Tex.Civ. App., 159 S.W.2d 932. The costs of this proceeding will be taxed against respondents other than the said Claud Spratling, Dave Miller and Walter L. Morris.