**CHENEY v. NORTON et al.**

No. 12536.

Court of Civil Appeals of Texas. Dallas.

Jan. 22, 1943.

John G. Wilson and D. L. Whitehurst, both of Dallas, for appellant.

Albert B. Hall, of Dallas, for appellees.

YOUNG, Justice.

Appellant's cause has been remanded to this Court for disposition of assignments not heretofore considered (Norton v. Cheney, 138 Tex. 622, 161 S.W.2d 73); and reference is also made to our earlier opinion (Tex.Civ.App., 126 S.W.2d 1011) for necessary case history, to which may be added the following: That during the eight-year tenure of Mrs. Norton as guardian, several purchases and sales were made under court order of personal property and vendor's lien notes; including a sale of lot to F. H. Herrling, where a special sales bond was executed with sureties; and that none of the persons dealt with in such transactions were made parties to plaintiff's bill of review. In other words, the suit was solely against the two sureties on Mrs. Nettie M. Norton's primary guardian's bond. Plaintiff having thus elected to collaterally attack the probate orders in question (of September 28, 1922, declaring Cheney a person of unsound mind, and consequent appointment of guardian), it was his burden, of course, to establish an utter and absolute invalidity of these orders upon the face of the particular record.

The trial court's findings of fact were predicated on original orders and papers made and filed in aforesaid guardianship proceedings; concluding that on collateral attack, appellant's showing of defects could not be sustained. Appellant's assignments and propositions challenge these findings; complaining further of the court's refusal to find certain additional facts relative to the guardianship record, and alleged to be apparent on the face thereof; involving principally (1) no notice or statutory service (Art. 4115); (2) no jury trial on insanity (Arts. 4270–4272), and (3) fatal insufficiency of pleading on which these orders were based.

It is settled law that judgment rolls cannot be attacked collaterally for defective pleading; Hartel v. Dishman, 135 Tex. 600, 145 S.W.2d 865; Rhoads v. Daly General Agency, Tex.Civ.App., 152 S.W.2d 461 writ refused; Vick v. Downing, Tex.Civ.App., 120 S.W.2d 279; Benson v. Mangum, Tex.Civ.App., 117 S.W.2d 169, writ refused; or because the issue of mental unsoundness was determined without jury trial, where the record indicates no demand therefor; Bearden v. Texas Co., Tex. Com.App., 60 S.W.2d 1031. As to the existence of notice under Arts. 4114, 4115, R.S., the probate judgments of September, 1922, are silent, though the order appointing guardian recites: "It appearing to the court that the said George H. Cheney has heretofore on this day been duly and legally adjudged a person of unsound mind." Appellant points out that the probate proceedings having been filed only two days earlier (as shown by the same record), a compliance with the statutes was impossible, rendering aforesaid probate order utterly void on its face. The legal problem thus presented would be somewhat difficult of solution, were we not aided by the Supreme Court opinion (138 Tex. 622, 161 S.W.2d 73, 74), which suggests the applicability of Pure Oil Co. v. Reece 124 Tex. 476, 78 S.W.2d 932, to the instant facts. Judge Hickman there states, in part: "By his petition .Cheney attacked the entire guardianship proceeding on the ground that it was utterly void from its inception, and that, as a consequence, each and every order entered therein was void. Under that character of attack the trial court did not exceed its jurisdiction in rendering judgment that he take nothing and its judgment so decreeing should be affirmed, unless errors were committed upon the trial which require its reversal. Pure Oil Co. v. Reece, supra."

It is clear from the foregoing language that the Supreme Court considered these probate orders to be voidable only, and not open to collateral attack; because, if same had been void for defects appearing upon their face (want of notice), the trial court would have had no alternative except to find for appellant Cheney. We must therefore hold that the recitals appearing in the order appointing Mrs. Norton guardian are conclusive of jurisdiction, and, in a collateral attack thereon, the failure to give formal notice provided by Arts. 4114, 4115, R.S. cannot be shown. Pure Oil Co. v. Reece, supra.[1]

The trial court having held the Cheney probate record immune to collateral attack as a matter of law, it would seem that ap-

[1] It is the writer's personal opinion that the record under review is not at all analogous to Pure Oil Co. v. Reece. The two probate judgments before us are silent in regard to recitals of statutory notice; the record, on the other hand, conclusively disclosing a failure to comply with the mandatory ten-day notice (Story v. Story, Tex.Civ.App., 105 S.W.2d 370, writ refused); rendering the orders null and obviously exposing them to collateral attack. It is not disputed that the Norton petition for adjudication of Cheney's alleged insanity, as well as for guardianship, was filed only two days prior to the renditions of September 28, · 1922; resulting in an impossibility of compliance with the law under which jurisdiction could be acquired; Arts. 4114, 4115.

In the Reece case, although the application for guardianship and the judgment of appointment appear as of the same date, yet the judgment recitals were that "Due notice of said application has been given." [124 Tex. 476, 78 S.W.2d 933.] Judge Critz therefore properly applied the uniform Texas rule that a clear and definite recital of jurisdictional facts imports absolute verity and is conclusive of jurisdiction; and in 25 T.J., Judgments, § 330, pp. 857–860, we find the rule generally stated that " * * * no evidence of any kind—not even the remainder of the record—will be received in contradiction thereof, even though such evidence would demonstrate that jurisdiction was not in fact acquired." The present record carries its own death sentence across its face, hence the rule of conclusive presumption relative to judgments on collateral attack does not apply. For if the recitals of a judgment roll, when thus attacked, show a situation in which legal service could not have been obtained under any circumstances, it would be opposed to both truth and reason to indulge in a presumption of its existence; 25 T.J., supra, Secs. 337, 346, 347, pp. 877, 891, 893.

Quite pertinent to my views thus briefly stated is the language of Judge German in Carroll v. McLeod, 133 Tex. 571, 130 S.W.2d 277, 281: "The authorities amply justify the statement that the matter of jurisdiction must be determined by the recitals of the record, and not by mere silence in same; and said recitals must affirmatively disclose a want of jurisdiction."

pellant's many assignments assailing the court's findings of fact, and its refusal to make additional findings, thereby became immaterial. However, we have examined the propositions complaining of procedural or trial errors and find them without merit. And plaintiff, having voluntarily initiated a collateral attack upon the orders in question, is not entitled to a reversal and remand of this cause for the purpose of amending to include all parties necessary to a direct attack. The judgment of the trial court will be affirmed.

Affirmed.