**CHENEY v. NORTON et al.**

No. 13540.

Court of Civil Appeals of Texas. Dallas.

June 2, 1944.

Rehearing Denied July 14, 1944.

John G. Wilson, of Dallas, for appellant.

Albert B. Hall and Helen M. Viglini, both of Dallas, for appellees.

YOUNG, Justice.

Pleas in abatement (res adjudicata) filed by various defendants and directed to fourth amended original petition of appellant (plaintiff below) were heard by the trial court in connection with evidence. They were thereupon sustained, as were certain special exceptions to the trial pleading; and plaintiff declining to amend, the cause was dismissed with prejudice, resulting in this appeal.

The following prior appeals have material bearing on the issues raised and are made part hereof by reference: Cheney v. Norton, Tex.Civ.App., 126 S.W.2d 1011; reversed by Supreme Court and returned to Court of Civil Appeals for final disposition, 138 Tex. 622, 161 S.W.2d 73; affirmed by this Court, 168 S.W.2d 697. As disclosed by preceding case history, Cheney's bill of review, filed August 27, 1936, numbered 9,135 in Probate Court and 26,-150A on appeal to the District Court, attacked as void from its inception the probate proceeding in which his estate had been administered for a number of years by Nettie L. Norton, guardian. That bill or petition for review, being a collateral attack on the probate orders (for want of necessary parties) was denied by the District Court; and upon final disposition by this Court (168 S.W.2d 697) aforesaid judgment, adverse to Cheney's claims, was in all things affirmed, in light of Supreme Court pronouncement (138 Tex. 622, 161 S. W.2d 73).

The instant suit, filed in the District Court of Dallas County May 8, 1935 (numbered 14,897D), was by Cheney against Albert B. Hall, executor of the estate of H. L. Norton, and Fidelity and Deposit Co. of Maryland, as surety on the Nettie L. Norton bond, executed by the Nortons in 1922, in connection with her appointment as guardian of the estate of George H. Cheney, N.C.M., mentioned in 126 S.W.2d 1011. This suit, under said fourth amended petition, sought to implead all parties directly affected by the original probate proceedings over the nine years of Mrs. Norton's guardianship; the petition alleging an indebtedness on account of wages earned by Cheney while employed by the Nortons, and on account of money and property received by Mrs. Norton under aforesaid appointment and pursuant to the F. & D. surety bond; charging an utter nullity of the guardianship for want of sufficient

pleadings and process; and as to the other defendants, alleging liability by reason of acquisition of property or money, or execution of bond, during the period of a void administration. However, one C. M. Goodman, alleged signer of a secured note handled by Mrs. Norton, as guardian, was not cited and did not answer; and neither John Hancock, individually and as executor of the estate of G. M. Hancock, nor Helen M. Viglini were made parties until date of last amended pleading herein, May 25, 1943.

This record does not include a statement of facts, but judgment recitals disclose that plaintiff Cheney was denied relief because of the law announced on previous appeals; it having been heretofore adjudged that the Cheney probate proceeding was not void on its face and therefore immune to collateral attack.

Appellant's assignments and points need not be specifically set out in view of the fact stipulations made by the parties, inclusive of an agreement on controlling questions of law, viz.: "It is hereby further agreed that there is no controversy as to the facts and that the only law issues in the case are whether or not the plaintiff in this cause numbered 14,-897-D can therein, thus attack the guardianship proceedings, in view of the final judgment in said cause numbered 26,150-A, wherein it was held he could not collaterally attack the same, under plaintiff's pleadings in his bill of review in the County Court, and consequently whether or not the trial court, in this cause, was authorized, under the law, under plaintiff's pleadings therein, to dismiss plaintiff's suit as to all of the defendants therein."

Adverting to the Cheney bill of review, the District Court held that same was a collateral attack upon aforesaid guardianship (defect of parties), which ruling was approved by Judge Hickman for the Supreme Court (161 S.W.2d 73, 74), in the following statement: "The trial court concluded, therefore, that under the holding in Pure Oil Company v. Reece, supra [124 Tex. 476, 78 S.W.2d 932], the attack was collateral, and that, since Cheney failed to discharge the burden resting upon him in a proceeding of that nature of showing that the probate proceeding was void on its face, judgment should be rendered that he take nothing. * * * By his petition Cheney attacked the entire guardianship proceeding on the ground that it was ut-

terly void from its inception, and that, as a consequence, each and every order entered therein was void. Under that character of attack the trial court did not exceed its jurisdiction in rendering judgment that he take nothing * * *." The bill of review record was returned to this Court for consideration of certain assignments charging procedural errors; and in our later affirmance (168 S.W.2d 697, 698), it was with reference to the statement just quoted that we said: "It is clear from the foregoing language that the Supreme Court considered these probate orders to be voidable only, and not open to collateral attack; because, if same had been void for defects appearing upon their face (want of notice), the trial court would have had no alternative except to find for appellant Cheney. We must therefore hold that the recitals appearing in the order appointing Mrs. Norton guardian are conclusive of jurisdiction, and, in a collateral attack thereon, the failure to give formal notice provided by Arts. 4114, 4115, R.S. cannot be shown."

But appellant argues that he is now prosecuting a direct attack upon the earlier probate orders, all persons affected by the prior proceeding being parties hereto. Such an attack in one court upon the judgments of another court is nevertheless a collateral attack. Empire Gas & Fuel Co. v. Albright, 126 Tex. 485, 87 S.W.2d 1092. The disposed of bill of review, though filed in the proper forum, was held a collateral attack for want of necessary parties; and the present suit falls short of being a direct attack because not filed in the same court where the orders under attack were made. 25 T.J., Sec. 285, p. 755; Perdue v. Miller, Tex.Civ.App., 64 S.W.2d 1002, writ refused. Otherwise stated, appellant is again collaterally attacking probate orders, a similar challenge having been adjudicated against him in prior litigation. The earlier adjudication is final, though the instant suit includes other parties and seeks different relief. "A question of fact or of law distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recovery or defense in a suit or action between parties sui juris is conclusively settled by the final judgment or decree therein so that it cannot be further litigated in a subsequent suit between the same parties or their privies whether the second suit be for the same or a different cause of action." State of Oklahoma v. Texas,

256 U.S. 70, 41 S.Ct. 420, 422, 65 L.Ed. 831; approved in Davis v. First Nat. Bank of Waco, 139 Tex. 36, 161 S.W.2d 467. See, also, Stephenson v. Miller-Link Lumber Co., Tex.Com.App., 277 S.W. 1039.

The trial court correctly ruled on the several pleas of res adjudicata, rendering unnecessary a discussion of other points of error. However, the exceptions of John Hancock, individually, and as executor of the estate of G. M. Hancock, also Helen M. Viglini, involving. pleas of limitation, are well taken on the face of the record; these defendants not being made parties until May, 1943.

The judgment under review must be affirmed.