**DEPARTMENT OF PUBLIC SAFETY,**
State of Texas, Appellant,

v.

**Jodie ELMORE et al., Appellees.**

No. 3303.

Court of Civil Appeals of Texas.

Waco.

Oct. 27, 1955.

Rehearing Denied Dec. 1, 1955.

Henry Wade, Crim. Dist. Atty., J. J. Fagan, John Orvis, Asst. Crim. Dist. Attys., Dallas, for appellant.

W. R. Herring, Dallas, for appellees.

TIREY, Justice.

This is an appeal from the judgment of the County Court at Law No. 1 of Dallas County on an action brought under the Safety Responsibility Law, designated as Art. 6701h, Vernon's Ann.Civ.Stats. The cause was tried without the intervention of a jury and at the request of appellant the trial court filed findings of fact and conclusions of law. We quote substantially the findings of fact and conclusions of law: (1) Plaintiff, Jodie Elmore, in January 1955, filed his petition, which was an appeal from an order entered by the Department of Public Safety suspending his commercial operator's and chauffeur's licenses and all Texas Motor Vehicle registration receipts and plates issued in his name, and the court on the same day and date issued his stay order under the provisions of Art. 6701h, Sec. 2(b) and (c), said petition having been filed within ten days after receiving notice of his suspension by the Department of Public Safety; (2) plaintiff Jodie Elmore was not the owner of the motor vehicle involved in the accident described as being accident No. 170622, according to the official accident records of defendant; that plaintiff exercised no control or authority over said motor vehicle prior to, at the time of, or after said accident occurred; that said motor vehicle involved in the accident was not being driven at the time by Jodie Elmore; that at the time of said accident the motor vehicle was being driven by one Walter Miller, and that Miller was driving said motor vehicle without authority, either express or implied, from Elmore to drive or control the same; that the motor vehicle involved was not being driven on a mission for Jodie Elmore and was being driven at the time of the accident without his consent or permission and contrary to his express instructions; that at the time the motor vehicle was involved in the accident the driver thereof was Walter Miller and Walter Miller at the time was engaged in some sort of purely personal mission, business or transaction for and on behalf of one W. C. Kerr, the owner of the motor vehicle involved in the accident.

Conclusions of Law: (1) that the petition and appeal of Jodie Elmore was timely filed in this court; (2) that by reason of

the fact that at and immediately prior to the time of the accident Walter Miller had stepped aside from his regular employment and in disregard of express instructions of Elmore not to do so, engaged in and went upon a purely personal mission at the request of Kerr, namely that of driving Kerr's motor vehicle and being the one involved in the accident; that Walter Miller was not the agent, servant or representative of Jodie Elmore in any respect whatsoever so far as driving Kerr's motor vehicle at the time and place in question is concerned, and that Walter Miller was the operator of the motor vehicle and was operating it for the owner, W. C. Kerr, that Elmore is not liable or responsible in any respect under the Safety Responsibility Law of Texas and that judgment should be entered setting aside the suspension order of defendant.

A statement is necessary. ,There is no statement of facts. In the transcript we find that on the 1st day of March, 1954 in the District Court for the 101st Judicial District of Dallas County, judgment by default was entered in behalf of W. C. Kerr as plaintiff against Jodie Elmore and Jessie Elmore, jointly and severally, for the sum of $450, with legal interest from the date of the judgment and costs of suit. There are no recitals in the judgment to indicate the nature of the action. It appears that this judgment was not paid and satisfied by the defendants and in due time the attorney for Kerr reported the failure of the Elmores to pay this judgment to the Department of Public Safety, and in the order of suspension we find this recital:

"The Texas Department of Public Safety is in receipt of a certified copy of a judgment rendered against you in the 101st District Court, Dallas County, Texas, on the 1st day of March, 1954, said judgment was rendered upon a cause of action for damages arising out of the ownership or use of a motor vehicle.

"You have failed to satisfy said judgment within 60 days; therefore, as provided in Sec. 13 and 14 of the Texas Motor Vehicle Safety Responsibility Act, it is hereby ordered that the following items are suspended as indicated below and shall remain so suspended and shall not be renewed nor shall any such license or registration thereafter be issued in your name until such judgment is satisfied in full or as provided in Sec. 15, and until you give proof of financial responsibility for the future."

Then follows the cancellation of the Texas operators, commercial operator's and chauffeur's licenses and all Texas Motor vehicle registration receipts and plates owned by defendant Jodie Elmore. A similar order was entered with reference to the defendant Jessie E. Elmore; and both defendants filed petition and appeal as heretofore set out and these causes were consolidated and tried as one case.

The court filed findings of fact and conclusions of law in the cause of Jessie L. Elmore against the State of Texas Department of Public Safety, and the findings of fact and conclusions of law therein are substantially the same as those filed in behalf of Jodie Elmore.

The judgment is assailed on five points. They are substantially that the court erred. (1 and 2) in finding that the Department of Public Safety had improperly suspended appellees' Texas operators, commercial operator's and chauffeur's licenses when they failed to satisfy judgment rendered against them resulting from a motor vehicle accident, and in finding that appellees were not liable under the Safety Responsibility Law of Texas, namely Art. 6701h, by reason of the motor vehicle accident and the injuries resulting therefrom and the unsatisfied judgment rendered against them; (3) in determining questions of liability on the part of appellees in the motor vehicle accident because Sec. 5, subsections (a) and (b) of Art. 6701h, does not authorize the Department of Public Safety to determine such questions of liability; (4 and 5) in permitting the appellees to attack collater-

ally the judgment rendered against them in the 101st District Court of Dallas County when all the parties affected by the judgment were not before the court because the validity of the judgment rendered in the 101st District Court could be assailed only by proceeding filed in such court.

We sustain each of the foregoing points. Going back to Points 4 and 5, it is apparent on the face of the record that the findings of fact and conclusions of law filed by the trial judge in this cause and the judgment entered thereon collaterally attack the judgment entered in the 101st District Court of Dallas County. Needless to say that neither the County Court at Law of Dallas County, nor the Department of Public Safety, had jurisdiction to re-try the question of liability that was decided in the 101st District Court, and it necessarily follows that the attempt of the trial court to do so is a collateral attack upon the judgment rendered in the District Court, and that the judgment of the County Court cannot stand. W. C. Kerr, who was plaintiff in the District Court suit, was not a party to this litigation and that fact alone brings the cause within the doctrine announced in Pure Oil Co. v. Reece, Tex. Com.App., 124 Tex. 476, 78 S.W.2d 932; Williams v. Coleman-Fulton Pasture Co., Tex.Civ.App., 157 S.W.2d 995 (writ ref. wom).

Going back to Points 1, 2, and 3, we find that Art. 6701h provides in part:

"Sec. 5. (a) If twenty (20) days after the receipt of a' report of a motor vehicle accident within this State which has resulted in bodily injury or death, or damage to the property of any one (1) person in excess of One Hundred Dollars ($100) the Department does not have on file evidence satisfactory to it that the person who would otherwise be required to file security under Sub-section (b) of this Section has been released from liability, or has been finally adjudicated not to be liable, or has executed a duly acknowledged written agreement providing for the payment of an agreed amount in installments with respect to all claims for injuries or damages resulting from the accident, the Department shall determine the amount of security which shall be sufficient in its judgment to satisfy any judgment or judgments for damages resulting from such accident as may be recovered against each operator or owner.

"(b) The Department shall, within sixty (60) days after the receipt of such report of a motor vehicle accident, suspend the license of each operator and all registrations of each owner of a motor vehicle in any manner involved in such accident, and if such operator is a non-resident the privilege of operating a motor vehicle within this State, and if such owner is a non-resident the privilege of the use within this State of any motor vehicle owned by him, unless such operator or owner or both shall deposit security in the sum so determined by the Department; provided notice of such suspension shall be sent by the Department to such operator and owner not less than ten (10) days prior to the effective date of such suspension and shall state the amount required as security. Where erroneous information is given the Department with respect to the matters set forth in Subdivisions 1, 2 and 3 of Subsection (c) of this Section, it shall take appropriate action as hereinbefore provided, within sixty (60) days after receipt by it of correct information with respect to said matters."

"Article IV * * *

"Sec. 12. (a) Whenever any person fails within sixty (60) days to satisfy any judgment, upon the written request of the judgment creditor or his attorney it shall be the duty of the clerk of the court, or of the judge of a court which has no clerk, in which any such judgment is rendered within this State,

to forward to the Department immediately after the expiration of said sixty (60) days, a certified copy of such judgment."

"Sec. 13. (a) Upon the receipt of a certified copy of a judgment, the Department shall forthwith suspend the license and registration and any non-resident's operating privilege of any person against whom such judgment was rendered, except as hereinafter otherwise provided in this Section and in Section 16 of this Act."

It is without dispute that the Department of Public Safety suspended the license of the appellees as directed in the Acts above mentioned, and upon the trial of the case the trial judge permitted appellees to attack collaterally the judgment rendered against them for the sum of $450, and heard the evidence concerning the accident that purported to affect their liability, which it did not have authority to do. This exact point was decided by our Supreme Court in Gillaspie v. Department of Public Safety, 152 Tex. 459, 259 S.W.2d 177, 181, writ certiorari denied 347 U.S. 933, 74 S.Ct. 625, 98 L.Ed. 1084. In this opinion we find this clear and explicit statement: "Questions of liability or fault are for the courts to determine in suits brought for that purpose." The opinion of the Supreme Court in the foregoing case is clear and it is comprehensive and it has given an interpretation to the procedural part of the statute here under consideration, and we think that under the opinion of the Supreme Court the judgment of the trial court herein must be reversed and rendered.

Following the opinion by the Supreme Court, the appellees are hereby given twenty days after this court's judgment has become final in which to comply with the Department's suspension orders.

Accordingly, the judgment of the trial court is reversed and rendered in accordance with the views here expressed.