**WESTCHESTER FIRE INSURANCE COMPANY, Appellant,**

v.

**Paula NUCKOLS et al., Appellees.**

**Nos. 11–83–244–CV, 11–83–245–CV.**

Court of Appeals of Texas, Eastland.

Feb. 23, 1984.

Rehearing Denied March 15, 1984.

William A. Hicks, McMahon, Smart, Surovik, Suttle, Buhrmann & Cobb, Abilene, for appellant.

J.R. Black, Jr., Scarborough, Black, Tarpley & Scarborough, Abilene, Charles E. Brownfield, Jr., Stamford, for appellees.

RALEIGH BROWN, Justice.

These appeals concern two related cases. The first is an appeal from the granting of a summary judgment against the surety on an Administratrix's bond; the second is an appeal from a take nothing summary judgment as to the surety's bill of review on the order imposing liability on the Administratrix. We reverse and remand both causes.

J.A. Hill, Jr., died intestate in 1975, in Knox County. His widow, Jo Ima Hill, was appointed Administratrix of the estate. Westchester Fire Insurance Company is the surety on the Administratrix's bond. On November 4, 1981, appellees Paula Nuckols and Patsy Antonisse, daughters of

decedent and Administratrix, filed an application requesting that the county court enter an order directing that the estate be closed and requiring the Administratrix to deliver to appellees their portion of the estate. The record reflects no hearing or order pursuant to this application. On June 11, 1982, appellees filed a second application, which contained allegations that the Administratrix had used $25,000 of the estate for her personal use. The application requested that the Administratrix show cause why a partition and distribution should not be made. It also requested that she file a verified accounting and exhibit, and sought general relief. Neither application requested money damages against the Administratrix.

On August 24, 1982, the county court entered an order that the estate be closed. The order additionally granted appellees a judgment against the Administratrix in the amount of $20,883.04 for monies and properties she failed to deliver to appellees, and for interest and court costs.

On January 5, 1983, appellees filed their second suit, in district court against Jo Ima Hill as Administratrix and Westchester as surety on the $20,000 Administratrix bond. Westchester filed a bill of review January 21, 1983, in the county court requesting that the court upon hearing set aside the judgment entered against the Administratrix in the probate proceedings, and that after trial to enter judgment that appellees take nothing from the Administratrix. The county court transferred the bill of review to the district court in March of 1983. Appellees subsequently filed a motion for summary judgment in each cause. The district court entered two final summary

judgments in appellees' favor, stating that the judgment of the county court dated August 24, 1982, in the probate proceeding was valid, proper and correct, and that Westchester's bill of review was without merit. The summary judgment in the cause on the bond ordered that appellees recover from Westchester $20,000 plus interest and costs; the summary judgment in the bill of review cause ordered that Westchester take nothing. Appellees' claims against the Administratrix and Westchester's cross action against the Administratrix were severed out of appellees' suit on the bond, made a separate cause, and are not involved in this appeal. Westchester appeals the granting of the summary judgment in appellees' cause on the Administratrix bond and the take nothing summary judgment as to its bill of review.

In each cause Westchester contends that the court erred in granting appellees a summary judgment because Westchester satisfied the statutory requisites of filing a bill of review pursuant to TEX.PROB. CODE ANN. sec. 31 (Vernon 1980),[1] and was thus entitled to a trial.

To secure relief under the statutory bill of review as provided in Section 31, supra, it is necessary to specifically allege and prove substantial errors by the trial court. It is not necessary that the error appear from the face of the record. The fact of error may be proven on the trial. *Hamilton v. Jones*, 521 S.W.2d 350 (Tex. Civ.App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.). Appellees argue, however, that Westchester failed to meet the requirements of the statutory bill of review

1. This section provides: *"Any person interested* may, by a bill of review filed in the court in which the probate proceedings were had, have any decision, order, or judgment rendered by the court, or by the judge thereof, revised and corrected on showing error therein; but no process or action under such decision, order or judgment shall be stayed except by writ of injunction, and no bill of review shall be filed after two years have elapsed from the date of such decision, order, or judgment...." (Emphasis added)

Even though it was not named as a party in the probate proceedings, the surety is authorized to perfect a direct appeal by bill of review. See *Allied Drug Products Co. v. Seale*, 49 S.W.2d 704 (Tex.Comm'n App.1932, judgment adopted). "Any person interested" should be given its natural meaning. This phrase has been construed as anyone who is injured in a legal sense. An interest exists in an action which creates or determines a liability or pecuniary loss or gain depending upon the result of a trial. *Persky v. Greever*, 202 S.W.2d 303 (Tex.Civ.App.—Fort Worth 1947, writ ref'd n.r.e.)

by not attempting to show a meritorious defense. We disagree. The bill of review provided by the probate code need not conform to the rules, and is not limited to the restrictions, of the equitable practice applicable to bills of review. *Norton v. Cheney,* 138 Tex. 622, 161 S.W.2d 73 (1942); *Jackson v. Thompson,* 610 S.W.2d 519 (Tex.Civ. App.—Houston [1st Dist.] 1980, no writ); *Hamilton v. Jones,* supra. Westchester alleged the errors committed by the county court in entering judgment against the Administratrix in the probate proceedings in its bill of review, amended bill of review and response to the motion for summary judgment; this was sufficient to comply with the bill of review under the probate code in order to be entitled to a trial. *Hamilton v. Jones,* supra. Consequently, the trial court erred in granting the summary judgments.

These points of error in each cause are sustained.

In another point of error in each cause, Westchester urges error in granting summary judgment because there were no pleadings in the county court cause to support rendition of the money judgment against the Administratrix.

■ A trial court cannot grant relief that is without pleadings to support it, and a party cannot sustain a favorable judgment based upon an unpleaded cause of action, absent trial by consent. *Oil Field Haulers Association v. Railroad Commission,* 381 S.W.2d 183 (Tex.1964); *Crozier v. Horne Children Maintenance and Educational Trust,* 597 S.W.2d 418 (Tex.Civ.App. —San Antonio 1980, writ ref'd n.r.e.). There can be no trial by consent on issues decided by a default judgment, and the order under attack recites that the Administratrix "wholly made default." In determining whether a cause of action was pled, *Stoner v. Thompson,* 578 S.W.2d 679, 683 (Tex.1979) states: "[The] pleadings must be adequate for the court to be able, from an examination of the plaintiff's pleadings alone, to ascertain with reasonable certainty and without resorting to information aliunde the elements of plaintiff's cause of action and the relief sought with sufficient

information upon which to base a judgment."

■ The order dated August 24, 1982, containing the judgment against the Administratrix, is expressly based upon appellees' application filed on June 11, 1982. In the subject application, the only relief requested was that the Administratrix "... show cause why partition and distribution should not be made, ... file in court a verified exhibit and account of the condition of such estate as in case of final settlement of an estate; and for general relief." The application, although it alleged the Administratrix used funds for her personal use, did not request relief for the alleged misuse of funds or request that the Administratrix be held personally liable or responsible for amounts due to the applicants.

■ The inclusion of a request for general relief cannot enlarge a pleading to include a different cause of action for which fair notice does not exist. *Stoner v. Thompson,* supra. The specific relief requested did not give the Administratrix fair notice that appellees were seeking a money judgment against her. The record reflects that no cause of action was ever pled as to the Administratrix allegedly using funds for her own benefit as a basis for recovery, nor do the pleadings show that applicants sought damages from her.

■ The movant for summary judgment has the burden of showing that no issue of material fact exists and that it is entitled to summary judgment as a matter of law. Every reasonable inference must be indulged in favor of the non-movants and any doubts resolved in their favor. *Wilcox v. St. Mary's University of San Antonio,* 531 S.W.2d 589 (Tex.1975). As to the bill of review cause, it is well established that a defendant moving for summary judgment assumes the burden of showing as a matter of law that the plaintiff had no cause of action against him. *Citizens First National Bank of Tyler v. Cinco Exploration Company,* 540 S.W.2d 292 (Tex.1976). Appellees failed to meet their summary judgment burdens because they failed to prove that the pleadings in the probate proceedings support rendition of

judgment by the county court against the Administratrix. In view of our reversal of the summary judgment on the bill of review, the probate court's challenged order cannot be used as a basis for the summary judgment against Westchester on its bond.

This point of error is sustained in each cause. Our holding on this point makes consideration of the other points of error unnecessary. We note, however, that the judgment against the Administratrix simultaneously with the closing of the estate was rendered prematurely. An action is not available against an Administratrix prior to the closing of the estate while the probate court still has control over the Administratrix, and she has not refused to obey a valid order of the probate court. *Diaz v. Chinn,* 150 S.W.2d 411 (Tex.Civ. App.—San Antonio, 1941, no writ). Such action is not proper until after the estate is closed, or the Administratrix dies or has been removed pursuant to TEX.PROB. CODE ANN. sec. 222 (Vernon 1980). See *Helge v. American Central Life Insurance Co.,* 124 S.W.2d 191 (Tex.Civ.App.— Austin 1938, writ dism'd judgment cor.).

The summary judgments granted in favor of appellees against Westchester are reversed, and the causes are remanded for new trials.