NO. 12-04-00148-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
IN THE INTEREST                                          §                 APPEAL FROM THE 
 
OF L.A.B.,                                                          §                 COUNTY COURT AT LAW #2
 
A CHILD                                                            §                 SMITH COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Appellant Tina Oliver appeals the trial court’s order in a suit affecting the parent-child
relationship. On appeal, Oliver presents two issues. We reverse and remand.
 
Background
            Oliver and Appellee Dwayne Bartlett are the parents of a minor child, L.A.B., born on
December 23, 1991. Oliver and Bartlett were divorced on February 11, 1994. In the default divorce
decree, Bartlett was appointed managing conservator and Oliver possessory conservator of L.A.B.
Further, Bartlett was given the exclusive right to establish L.A.B.’s legal domicile. Oliver was
ordered to pay child support in the amount of $128 per month and, as long as child support was
ordered, maintain medical and health insurance coverage for L.A.B. On August 8, 2002, Oliver filed
a petition to modify the parent-child relationship requesting that both parties be appointed joint
managing conservators with Oliver being awarded primary possession. Further, Oliver requested
that she be designated as the conservator with the exclusive right to determine the primary residence
of L.A.B. 
            In response, Bartlett filed a motion for enforcement and modification. Bartlett alleged that
Oliver violated the decree of divorce by failing and refusing to return L.A.B. to him at the end of
Oliver’s period of summer possession and by failing and refusing to provide insurance coverage for
L.A.B. Consequently, Bartlett requested that Oliver be held in contempt, jailed, and fined for each
violation. Bartlett also alleged that there should be no change in the conservatorship of the child.
On August 8, 2003, the trial court issued temporary orders appointing both parties temporary joint
managing conservators of the child and granting Oliver the exclusive right to establish the primary
residence of the child within the State of Texas. Bartlett was granted possession of L.A.B. in
accordance with a standard possession order. However, no child support was ordered based on
representations of counsel that there was an undetermined amount of child support arrears owed by
Oliver and “potential insurance reimbursement issues.” 
            On October 17, 2003, the trial court held a final hearing. However, neither Oliver nor her
counsel appeared. At the hearing, Bartlett abandoned his motion for enforcement. Further, he
testified that from the time the motion for enforcement was filed through December of 2002, Oliver
owed $6,915.26 in unpaid child support. Bartlett testified that Oliver never provided insurance for
L.A.B. Since the divorce in 1994, Bartlett stated that he paid $15,991.80 in insurance premiums for
L.A.B. through his employer. Bartlett requested the trial court appoint both parties joint managing
conservators of L.A.B., granting Oliver the right to establish the child’s domicile and granting him
standard visitation. Additionally, Bartlett requested the trial court award him credit for child support
in lieu of his contempt action.
            On October 22, 2003, the trial court signed the final order. The trial court found that Bartlett
had abandoned his enforcement action against Oliver, that the circumstances of the child had
changed, and that its orders were in the best interest of the child. The trial court appointed both
parties joint managing conservators of the child, granting Oliver the exclusive right to designate the
primary residence of the child and granting Bartlett standard visitation. The trial court found that
Oliver was $6,915.20 in arrears in unpaid child support, that Bartlett paid $15,991.80 in health
insurance premiums for time periods when Oliver was ordered to provide health insurance, and that
Oliver owed Bartlett $22,907.00. The trial court found that the sum of $22,907.00 was a just and
due offset against Bartlett’s child support obligations. Consequently, the trial court offset the sum
above, deferred child support payments for fifty-four months from July of 2003, and ordered Bartlett
to pay Oliver the sum of $426.52 in child support per month beginning November 15, 2007. On
April 27, 2004, Oliver filed a restricted appeal.



 
Restricted Appeal
            To prevail on her restricted appeal, Oliver must establish that (1) she filed notice of the
restricted appeal within six months after the judgment was signed, (2) she was a party to the
underlying lawsuit, (3) she did not participate in the hearing that resulted in the judgment complained
of and did not timely file any postjudgment motions or requests for findings of fact and conclusions
of law, and (4) error is apparent on the face of the record. Tex. R. App. P. 30; Alexander v. Lynda’s
Boutique, 134 S.W.3d 845, 848 (Tex. 2004). Review by restricted appeal affords the appellant a
review of the entire case, just as in an ordinary appeal, with the only restriction being that any error
must appear on the face of the record. Conseco Fin. Servicing Corp. v. Klein Indep. Sch. Dist., 78
S.W.3d 666, 670 (Tex. App.–Houston [14th Dist.] 2002, no pet.) (citing Norman Communications
v. Texas Eastman Co., 955 S.W.2d 269, 270 (Tex. 1997)); Lewis v. Ramirez, 49 S.W.3d 561, 564
(Tex. App.–Corpus Christi 2001, no pet.). The face of the record for purposes of a restricted appeal
consists of all the papers on file before the judgment as well as the reporter’s record. Conseco Fin.
Servicing Corp., 78 S.W.3d at 670; Lewis, 49 S.W.3d at 564. 
            Oliver perfected this appeal within the jurisdictional time limits and was a party to the suit.
Moreover, Oliver asserts that she did not participate in the actual trial of the case. Regarding her
participation, the issue is whether Oliver participated in the decision-making event that resulted in
the judgment adjudicating her rights. McKnight v. Trogdon-McKnight, 132 S.W.3d 126, 129 (Tex.
App.–Houston [14th Dist.] 2004, no pet.) (citing Texaco, Inc. v. Central Power & Light Co., 925
S.W.2d 586, 589 (Tex. 1996)). It is the fact of nonparticipation, not the reason for it, that determines
a right to appeal. Id. Although Oliver filed a motion to modify the suit, she did not appear at the
hearing that determined an offset of child support obligations from Bartlett because of her failure to
provide health insurance for the child. Therefore, we conclude that Oliver did not participate in the
hearing that resulted in the final order. 
            Having determined that Oliver met three of the four jurisdictional elements of a restricted
appeal, we must determine if there is error on the face of the record. Oliver argues that there are no
pleadings to support the arrearage judgment for unreimbursed insurance premiums. In fact,
according to Oliver, Bartlett’s pleading did not ask for an arrearage judgment and he abandoned his
enforcement action at trial. Oliver contended that Bartlett never amended his pleading to reflect the
alternative relief he requested at trial, i.e., that insurance premiums be credited against his child
support obligation. A judgment must be supported by the pleadings and, if not so supported, it is
erroneous. Cunningham v. Parkdale Bank, 660 S.W.2d 810, 813 (Tex. 1983). A party may not
be granted relief in the absence of pleadings to support that relief, absent trial by consent. Id.;
Westchester Fire Ins. Co. v. Nuckols, 666 S.W.2d 372, 375 (Tex. App.–Eastland 1984, writ ref’d
n.r.e.). However, there can be no trial by consent on issues decided by a default judgment.
Westchester Fire Ins. Co., 666 S.W.2d at 375. 
            In his motion for enforcement and modification, Bartlett never requested reimbursement for
insurance premiums that he paid for the child when Oliver failed to do so. Nor did he ask the trial
court to offset his child support obligations against Oliver’s child support arrearages and his
unreimbursed health insurance premiums. In fact, Bartlett abandoned his motion for enforcement
at trial. Although a temporary order included a handwritten notation that there were “potential
insurance reimbursement issues,” Bartlett never pleaded these issues. Because Bartlett failed to
request that the trial court offset his child support obligations as reimbursement of insurance
premiums, the final order is not supported by the pleadings. See Cunningham, 660 S.W.2d at 813.
Moreover, because Oliver defaulted at trial, this issue could not be tried by consent. See Westchester
Fire Ins. Co., 666 S.W.2d at 375. Therefore, the trial court’s final order is erroneous on its face. 
See Alexander, 134 S.W.3d at 848; Cunningham, 660 S.W.2d at 813. Accordingly, we reverse the
judgment of the trial court and remand the case for further proceedings. See Tex. R. App. P. 43.2(d).
 
Disposition
            We reverse the judgment of the trial court and remand the case to the trial court for further
proceedings. Having determined that we must reverse and remand, we do not address Oliver’s
remaining issue relating to error on the face of the record. See Tex. R. App. P. 47.1.
 
 
 
                                                                                                   JAMES T. WORTHEN 
                                                                                                               Chief Justice
 
 
Opinion delivered June 30, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.






























(PUBLISH)