

# IN THE
# TENTH COURT OF APPEALS

### No. 10-16-00178-CV

**GARY SPIVEY, OWNER OF
AMERICA'S CHOICE ROOFING AND
AMCHOICE, LLC DBA AMERICA'S CHOICE ROOFING,**

**Appellants**

**v.**

**JOANN GOODWIN,**

**Appellee**

**From the County Court
Robertson County, Texas
Trial Court No. 15-17-CV**

## MEMORANDUM OPINION

In four issues, appellants, Gary Spivey, owner of America's Choice Roofing, and AmChoice, LLC, challenge the trial court's judgment. Specifically, appellants contend that the trial court erred by: (1) failing to award judgment for appellants under a written contract with appellee, Jo Ann Goodwin; (2) granting relief on a theory of breach of implied warranty that was not pleaded or supported; (3) failing to award interest at the

rate established in the contract; and (4) denying any award of attorney's fees. Because we conclude that the trial court erred, we modify the judgment to reflect a $2,900 damage award in favor of appellants and to include awards of attorney's fees and interest provided by the underlying contract. We affirm as modified.[1]

## I.  BACKGROUND

This dispute arises out of a written contract for the replacement of a residential roof. On March 17, 2015, Goodwin entered into a contractual agreement with appellants for the installation of a roof on a property owned by Goodwin in Calvert, Texas. Pursuant to the agreement, Goodwin would pay $33,236.03 in exchange for appellants installing a new roof, decking, drip edges, valleys, ventilation, insulation, shingles and related materials, and labor, including the removal and installation of such roof materials. The charges under the contract were to be paid in two installments—$16,168.01 on the delivery of the materials and $16,168.02 on the final walk-through. Furthermore, at no additional cost, appellants agreed to install 150 feet of gutters on the home.

Later, on May 1, 2015, Goodwin and appellant entered into a written change order that modified the work to be completed under the contract. For an additional $900 from Goodwin, appellants agreed "to include remaining 35 Linear Feet of gutters for flat portion of roof above and beyond original contract, dated March 17, 2015."

---

[1] We note that Goodwin is pro se on appeal and was pro se in the trial court. She has not filed an appellee's brief in this matter. Instead, she has filed a collection of documents that appear to be similar to the evidence she relied upon in the trial court.

The record reflects that Goodwin made two payments under the contract. She paid the first installment of $16,168.01 on April 28, 2015. However, as work commenced on the roof, Goodwin became dissatisfied. As noted at trial, Spivey met with Goodwin because she was upset about the job. When conducting a walk-through of the work, Goodwin identified a number of changes she wanted, including rebuilding two finials that she alleged had been damaged during the work. Appellants repaired the finials. Goodwin also requested patching of a flat section of the roof, although that section of the roof was not within the scope of the original contract. Spivey testified that he tried to make Goodwin happy by putting "a coating over the flat roof." Further, Goodwin requested that appellants paint the chimney flashing because "something about the paint didn't look right." Appellants repainted all of the chimneys.

At the conclusion of her meeting with Spivey, Goodwin provided a second check in the amount of $14,168.02. In the memo portion of the check, Goodwin handwrote "balance due $2,900." Goodwin withheld the remaining balance of $2,900 because she did not believe that the work was completed. In any event, in June 2015, appellant sent a final invoice to Goodwin requesting the remaining $2,900. Goodwin argued that the work was not complete and refused to pay, thus prompting a second invoice from appellants for the $2,900. Goodwin once again complained about the work on the flat section of the roof, refused to pay the remaining balance, and threatened suit.

On November 10, 2015, Goodwin filed suit in justice court in Robertson County against "Gary Spivey, Owner of America's Choice Roofing," asserting damages in the amount of $2,900 because "3 flat roofs are . . . leaking" and some of her gutters are rusted. Spivey filed an answer denying Goodwin's allegations. Thereafter, AmChoice intervened asserting counterclaims of breach of contract and quantum meruit against Goodwin. AmChoice also pled for the recovery of attorney's fees, as well as pre- and post-judgment interest.

After a bench trial, the justice court rendered two separate judgments—a take-nothing judgment on Goodwin's claims against Spivey and a judgment against Goodwin on the breach-of-contract counterclaim. Appellants were awarded $3,841 in damages, which was comprised of $2,000 in damages under the contract, $1,800 in attorney's fees, and $41 in court costs. Goodwin appealed the justice court's judgment to the County Court. Appellants refiled their pleadings in the County Court.

On January 28, 2016, this matter was tried in the Robertson County Court. Goodwin represented herself, and the record reflects that she did not call any witnesses, though she did submit numerous documents to support her contentions. Goodwin contended that the work on the flat-roof sections was part of the original contract and that she had to pay Lopez Construction $1,300 to correct the work of appellants on the flat-roof sections. Spivey, as well as AmChoice employee Chuck Allen, testified at trial. At the conclusion of the trial, the trial court awarded appellants $1,600 in damages, which

constituted a $1,300 reduction of the $2,900 Goodwin allegedly owed under the contract. This reduction corresponded with the amount Goodwin paid to Lopez Construction. The trial court also declined to award costs, interest, or attorney's fees to either party. At the request of appellants, the trial court entered findings of fact and conclusions of law. Subsequently, appellants filed their joint notice of appeal.

## II.    ANALYSIS

In their first and second issues, appellants contend that the trial court erred by failing to award judgment for appellants under the written contract and by granting relief to Goodwin on a theory of breach of implied warranty that was not pleaded, nor supported by evidence.

As noted earlier, appellants asserted counterclaims of breach of contract and quantum meruit. A breach of contract occurs when a party fails to perform an act that it has explicitly or impliedly promised to perform. *Esty v. Beal Bank S.S.B.*, 298 S.W.3d 280, 299 (Tex. App.—Dallas 2009, no pet.). The elements of a breach-of-contract claim are: (1) the existence of a valid contract between the plaintiff and defendant; (2) the plaintiff's performance or tender of performance; (3) the defendant's breach of the contract; and (4) the plaintiff's damages as a result of that breach. *Id.* In arguing that Goodwin breached the original contract, appellants challenge several findings of fact made by the trial court.

Findings of fact entered in a non-jury case have the same force and dignity as a jury's answers to jury questions. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex.

1991).  Findings of fact are reviewable for legal and factual sufficiency of the evidence to support them by the same standards that are applied in reviewing evidence supporting a jury's answer.  *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994).  The trial court must make findings of fact only on controlling issues, not on matters of evidence.  *State Farm Life Ins. Co. v. Martinez*, 174 S.W.3d 772, 788 (Tex. App.—Waco 2005), *rev'd on other grounds*, 216 S.W.3d 799 (Tex. 2007).  Findings that are evidentiary issues or recitations, rather than controlling issues, are immaterial and thus harmless; they are not binding on appeal.  *Cooke County Tax Appraisal Dist. v. Teel*, 129 S.W.3d 724, 731-32 (Tex. App.—Fort Worth 2004, no pet.).

On appeal, appellants challenge Findings of Fact 2, 3, and 4, which provided as follows:

2. Defendant Gary Spivey asked for final payment before the services were completed.

3. Defendant Gary Spivey took excessive time to complete the job.

4. Defendant Gary Spivey agreed to fix the flat roof for no charge.

Specifically, with respect to Finding of Fact 2, the record shows that, although Goodwin was dissatisfied with appellants' work, all of the work performed *under the contract* was completed by the time appellant sought final payment under the contract on June 10, 2015.  Nowhere in the contract does it state that appellants were required to repair the flat roofs on Goodwin's residence.  The subsequent work done by appellants on the flat roof was an attempt to satisfy Goodwin.  Indeed, Goodwin testified that Spivey told her

that he would come and repair leaks on the flat roofs, though she did not point to anything in the contract that required appellants to do so. Later, Spivey noted that the patching of the flat roofs was not included in the contract and that "we tried to work things out with her so we did do a coating over the flat roof." Based on this evidence, we cannot say that Finding of Fact 2 is supported by legally and factually sufficient evidence. *See Catalina*, 881 S.W.2d at 297.

With respect to Finding of Fact 4, we note that the agreement to put a coating on the flat roof could not have extended or altered the contract, because the contract contained an entireties clause, which precluded oral modification of the contract. Accordingly, Goodwin cannot show a breach of contract based on a situation that was not made a part of the contract.

And finally, regarding Finding of Fact 3, the testimony revealed that the contracted roofing job was completed in four days. This testimony does not support the finding that appellants "took excessive time to complete the job." In fact, Goodwin relies on appellants' repair, or lack thereof, of the flat roofs to show that the job took an excessive amount of time. However, as we noted earlier, the repair of the flat roofs was not part of the contract and, thus, cannot be used to show a breach of contract. We therefore cannot say that Finding of Fact 3 is supported by legally and factually sufficient evidence. *See Catalina*, 881 S.W.2d at 297.

Neither the findings of fact nor the record support a conclusion that appellants breached the contract with Goodwin. What the record does show is that appellants provided labor and materials for the job and that Goodwin failed to pay the remaining $2,900 balance owed under the contract. As such, we conclude that the evidence demonstrates that Goodwin breached the contract by not paying the remaining $2,900 owed. *See Esty*, 298 S.W.3d at 299.

However, despite the foregoing, the trial court determined, in Finding of Fact 5, that Spivey impliedly warranted that the roof would not leak. Based on this finding, the trial court reduced the $2,900 owed by $1,300—the amount paid by Goodwin to Lopez Construction. The Texas Supreme Court has recognized an implied warranty that services will be performed in a good and workmanlike manner. *See Melody Home Mfg. Co. v. Barnes*, 741 S.W.2d 349, 354 (Tex. 1987) (defining good and workmanlike as "that quality of work performed by one who has the knowledge, training, or experience necessary for the successful practice of a trade or occupation and performed in a manner generally considered proficient by those capable of judging such work"). However, in the trial court, Goodwin never argued that appellants breached an implied warranty. Because Goodwin did not plead a cause of action for breach of an implied warranty, and because the mere presentation of evidence that could support an unpled theory is insufficient, we conclude that there is no pleading to support the trial court's Finding of Fact 5, which is the basis for the offset granted to Goodwin. *See* Tex. R. Civ. P. 301

(providing that the judgment must comport with the pleadings); *Ingram v. Deere*, 288 S.W.3d 886, 893 (Tex. 2009) ("We reiterated the long-standing rule that an issue is 'not tried merely by the hearing of testimony thereon.'"); *Degroot v. Degroot*, 369 S.W.3d 918, 925 (Tex. App.—Dallas 2012, no pet.) ("A party may not be granted relief in the absence of pleadings to support that relief."); *see also Arthur v. Wilson*, No. C14-90-00210-CV, 1991 Tex. App. LEXIS 642, at *18 (Tex. App.—Houston [14th Dist.] 1991, writ denied) ("Generally, a trial court may not grant relief that is not supported by pleadings. Absent trial by consent, a favorable judgment based on an unpled cause of action cannot be sustained." (citing *Westchester Fire Ins. Co. v. Nuckols*, 666 S.W.2d 372, 375 (Tex. App.—Eastland 1984, writ ref'd n.r.e.))). Accordingly, we conclude that there is no pleading to support the trial court's $1,300 offset of the $2,900 damages award. As such, we sustain appellants' first two issues.

In their third issue, appellants argue that the trial court erred in failing to award interest at a rate established in the contract. Here, the record reflects the existence of a valid, written contract. Furthermore, the contract provides that any unpaid balance would accrue interest at a rate of 1.5% per month or 18% per annum. Goodwin did not challenge this evidence in the trial court. We therefore conclude that the trial court erred in failing to award interest at the rate established in the contract. *See* TEX. FIN. CODE ANN. § 304.001 (West 2016) ("A money judgment of a court in this state must specify the postjudgment interest rate applicable to that judgment."); *Degroot*, 369 S.W.3d at 926-27

("Post-judgment interest is recoverable even if it is not specifically awarded in the judgment."); *San Antonio Villa Del Sole Homeowners Ass'n v. Miller*, 761 S.W.2d 460, 462 (Tex. App.—San Antonio 1988, no writ) (stating that "prejudgment interest is recoverable as a matter of right when an ascertainable sum of money is determined to have been due and payable" and "[t]he trial court does not have discretion to increase or reduce prejudgment interest."). We sustain appellants' third issue.

In their fourth issue, appellants assert that the trial court abused its discretion in denying an award of attorney's fees. A prevailing party cannot recover attorney's fees unless permitted by statute or contract. *See Tony Gullo Motors I, L.P., Chapa*, 212 S.W.3d 299, 310 (Tex. 2006). Generally, we review the trial court's decision whether to award attorney's fee for abuse of discretion. *See Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). A trial court abuses its discretion when it acts in an unreasonable and arbitrary manner, or when it fails to correctly analyze or apply the law. *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992).

Here, the contract at issue provided that Goodwin agreed to pay costs of a collection action, including filing fees, attorney's fees, and costs and expenses. *See New Amsterdam Cas. Co. v. Tex. Indus., Inc.*, 414 S.W.2d 914, 915 (Tex. 1967) (providing that when the parties validly contract for recovery of attorney's fees, courts must enforce the plain language of the contract). Furthermore, in their counterclaims, appellants alleged a breach-of-contract action against Goodwin, and despite the offset afforded Goodwin,

the trial court clearly ruled that Goodwin breached the contract by not paying the final $2,900 owed. Under section 38.001 of the Texas Civil Practice and Remedies Code, appellants were entitled to recovery of attorney's fees in a claim for rendered services, performed labor, furnished materials, and a written contract. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(1)-(3), (8) (West 2015); *see also Hassell Constr. Co., Inc. v. Stature Commercial Co., Inc.*, 162 S.W.3d 664, 668 (Tex. App.—Houston [14th Dist.] 2005, no pet.) ("[The award of fees to a plaintiff recovering on a valid contract claim is mandatory under [s]ection 38.001 if there is proof of the reasonableness of attorney's fees.").

Ordinarily, the reasonableness of the amount of attorney's fees is left to the factfinder, and a reviewing court may not substitute its judgment for the jury's. *See Smith v. Patrick W.Y. Tam Trust*, 296 S.W.3d 545, 547 (Tex. 2009) (citing *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 881 (Tex. 1990) (per curiam)); *see also Bocquet*, 972 S.W.2d at 21 (noting that reasonableness and necessity of attorney's fees are "question[s] for the jury's determination"). However, when counsel's evidence regarding his fees is uncontroverted, clear, direct and positive, and not contradicted by any other witness or attendant circumstances, and there is nothing to indicate otherwise, an appellate court may exercise its discretion and render judgment for attorney's fees in the interest of judicial economy. *See Ragsdale*, 801 S.W.2d at 882; *see also World Help v. Leisure Lifestyles, Inc.*, 977 S.W.2d 662, 684, 686 (Tex. App.—Fort Worth 1998, pet. denied) (citing *Ragsdale* and rendering judgment for attorney's fees in a breach-of-contract case).

At the trial, counsel for appellants testified that appellants incurred attorney's fees in the amount of $3,453.50. In Defendant's Exhibit 15, appellants included invoices submitted by counsel, which indicated $2,491 in attorney's fees incurred for work up to the date of the final invoice—December 8, 2015. The invoices also documented the nature of the work completed and the amount of time involved. However, counsel noted that he incurred an additional $962.50 in attorney's fees preparing for the trial and for the trial itself. None of this evidence was contradicted or controverted by Goodwin in any way.

Because counsel's evidence regarding his fees is uncontroverted, clear, direct and positive, and not contradicted by any other witness or attendant circumstances, and there is nothing to indicate otherwise, we reform the trial court's judgment to include an award of $3,453.50 in attorney's fees. *See, e.g., Goudeau v. Marquez*, 830 S.W.2d 681, 683-84 (Tex. App.—Houston [1st Dist.] 1992, no writ) (reforming the trial court's judgment to include an award of $790 in attorney's fees and affirming the judgment as modified). We sustain appellants' fourth issue.

## III. CONCLUSION

Having sustained all of appellants' issues on appeal, we modify the trial court's judgment to delete the offset for Goodwin's unpled and unsupported theory and to include an award of interest at the rate provided in the contract and $3,453.50 in attorney's fees. In sum, the modified judgment shall reflect $2,900 in damages awarded

to appellants, interest at the rate provided in the contract, and $3,453.50 in attorney's fees.

We affirm the judgment as modified.[2]


AL SCOGGINS
Justice

Before Chief Justice Gray,
  Justice Davis, and
  Justice Scoggins
Affirmed as modified
Opinion delivered and filed June 7, 2017
[CV06]



---

[2] In light of our disposition, we dismiss all pending motions as moot.