

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00414-CV

———————————————

IN THE GUARDIANSHIP OF GARY L. LYNCH,
AN INCAPACITATED PERSON

---

On Appeal from County Court of
Parker County, Texas
Trial Court No. 21G034

---

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

### I. INTRODUCTION

Appellant Angela Anne Lynch, proceeding pro se, filed notices of appeal from two orders: one denying her motion to recuse assigned Judge Bonnie Robison[1] and the other requiring Appellant to pay costs for ad litem appointees in the underlying guardianship case. *See* Tex. R. Civ. P. 18a; Tex. Est. Code Ann. §§ 1053.052, 1155.151.

Appellant's brief enumerates seven issues challenging only the denial of the motion to recuse. Because the record does not show reversible error in any issue, and because Appellant failed to brief any argument as to the order granting ad litem fees, we will affirm the trial court's orders.

### II. BACKGROUND

Appellant filed an application for guardianship over her father, and the trial court signed a final order in May 2023. *See In re Guardianship of Lynch*, No. 02-23-00214-CV, 2023 WL 7851524, at *1 (Tex. App.—Fort Worth Nov. 16, 2023, pet. denied) (mem. op.). Appellant appealed that order, but we dismissed the appeal for want of prosecution. *See id.*

After we issued our dismissal memorandum opinion, the appointed guardian ad litem and attorney ad litem in the underlying case filed applications to tax Appellant

---

[1]The presiding judge of the Parker County Court is Pat Deen. Judge Deen did not preside over the underlying case.

2

with the costs and fees incurred for their services. Appellant filed a recusal motion—her second in the case[2]—against Judge Robison. *See* Tex. R. Civ. P. 18a. The next day, Judge Robison referred the recusal motion to the presiding statutory probate judge of Texas.[3] That judge assigned Judge Nicholas Chu, who, on August 6, set a hearing on the motion for August 26.

On August 20, Appellant moved to continue the hearing on the ground that, according to her, her work schedule had been given no consideration in the hearing's scheduling. Judge Chu denied the motion for continuance. The next day, Appellant filed a motion to recuse Judge Chu, arguing that his denial of her motion for continuance was cause for recusal.[4] Later, a different judge considered her motion to recuse Judge Chu and denied it.

Meanwhile, the hearing went forward on August 26. Appellant, the attorney ad litem, the guardian ad litem, and attorneys for the two other parties attended. Judge Chu explained that he had denied the motion for continuance because it had been filed too near the hearing date, the recusal motion had been pending for more than a month, the underlying case had been pending for several years, and the next available date to

---

[2]Appellant's first recusal motion was filed before the May 2023 final order.

[3]*See* Tex. Gov't Code Ann. §§ 25.0022(h)(7), 26.012.

[4]*See id.* § 25.00256(b).

3

schedule the hearing was four months from the filing date. Judge Chu characterized a four-month delay as unacceptable in the context of a pending motion to recuse.

After Judge Chu explained why he had denied the motion for continuance, Appellant objected to the court reporter's remote attendance[5] and then began to testify, reading from her motion. Judge Chu interrupted Appellant to inform her that he had read the recusal motion and was familiar with its contents. Resuming her testimony, Appellant stated that her grounds for recusal were Judge Robison's apparent lack of preparedness at the May 2023 final trial and allowing counsel for one of the parties to appear without that party also being present. Judge Chu informed Appellant that "in order to properly remove a judge, the law states that things related to the judge's decisions or how the judge conducted a trial generally aren't reasons for recusal."

Appellant testified that a further basis of her recusal motion was that Judge Robison could not have been adequately prepared for trial because she had been assigned to the case four weeks before trial but the filings had taken Appellant fifteen months to prepare. Appellant then accused the attorneys present at the hearing of laughing at her; Judge Chu noted that they had "blank faces" and that one of the attorneys had sneezed.

Appellant completed her testimony, largely in conformation with her recusal motion on file, and the attorney ad litem responded. Appellant testified again after the

_____

[5]Judge Chu did not rule on this objection.

ad litem's response. Judge Chu then denied the motion, explaining that Appellant had not raised legal issues rising to the level requiring recusal, that several of the stated grounds were appellate issues rather than recusal issues, and that Appellant's grounds amounted to dissatisfaction with Judge Robison's rulings.

Appellant filed a notice of appeal of the order. Shortly thereafter, the attorney ad litem filed an amended motion for attorney's fees and for security for those fees. Appellant filed a motion to strike all attorney's fees.

A week later, Judge Robison held a hearing on the outstanding motions. Judge Robison granted the motion for reimbursement of fees and ordered Appellant to pay attorney's fees for the guardian ad litem and attorney ad litem. Appellant timely filed a notice of appeal of that order.

## III. DISCUSSION

We first consider whether we have jurisdiction to review the orders challenged in Appellant's two notices of appeal before addressing each of Appellant's issues in turn.

### A. Jurisdiction

We sua sponte address jurisdiction in this case because an order denying a motion to recuse is an interlocutory order that may be reviewed only on appeal from a final judgment. *See* Tex. R. Civ. P. 18a(j)(1)(A); *Shepherd v. Helen Painter & Co.*, No. 02-23-00007-CV, 2023 WL 2179459, at *1 (Tex. App.—Fort Worth Feb. 23, 2023, no pet.) (mem. op.); *Hawkins v. Walker*, 233 S.W.3d 380, 401 (Tex. App.—Fort

5

Worth 2007, pet. denied) (holding that an order denying recusal during post-judgment enforcement proceedings remained interlocutory and not yet reviewable on appeal).

Because at the time Appellant filed her notice of appeal from the denial of the recusal motion the trial court had not issued any appealable order as part of the post-judgment proceedings, that notice of appeal was prematurely filed. *See In re M.E.H.*, No. 2-02-376-CV, 2004 WL 1471092, at *2 (Tex. App.—Fort Worth July 1, 2004, no pet.) (mem. op.). But because a prematurely filed notice of appeal in a civil case is "deemed filed on the day of, but after, the event that begins the period for perfecting the appeal," we must consider whether the trial court's subsequent order granting fees and costs is an appealable final judgment. Tex. R. App. P. 27.1(a); *see also* Tex. R. App. P. 27.2 ("The appellate court may treat actions taken before an appealable order is signed as relating to an appeal of that order and give them effect as if they had been taken after the order was signed.")

Generally, only one final judgment may be rendered in a case. Tex. R. Civ. P. 301; *In re Guardianship of Jones*, 629 S.W.3d 921, 924–25 (Tex. 2021). However, probate proceedings are an exception to the general rule; there are multiple types of probate orders that, because they resolve discrete issues, are treated as final judgments for appellate purposes. *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006). Although there is not a statute explicitly declaring that a probate order authorizing payment of ad litem fees is final and appealable, such an order concludes a discrete phase of the probate proceeding and has been held to be final and appealable. *See Est. of Harris*,

No. 02-19-00333-CV, 2021 WL 832721, at *4 (Tex. App.—Fort Worth Mar. 4, 2021, pet. denied) (mem. op.) (collecting cases). Thus, the trial court's order authorizing fees is a final, appealable order. *See id.*

When a trial court renders a final judgment, the court's interlocutory orders merge into the judgment and may be challenged by appealing that judgment. *Bonsmara Nat. Beef Co., LLC v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 390 (Tex. 2020). Accordingly, the denial of Appellant's motion to recuse merged into the trial court's final, appealable fees order and became appealable. *See id.*; *cf. Moss v. Holzworth*, No. 14-24-00266-CV, 2025 WL 1225850, at *5 (Tex. App.—Houston [14th Dist.] Apr. 29, 2025, pet. denied) (concluding that court had jurisdiction to hear appeal of denial of post-judgment recusal motion filed within the trial court's plenary power and challenging the trial court's authority to render the final judgment).

## B. Appellant Waived Her Appeal of the Ad Litem Fee Order

Although Appellant filed a notice of appeal challenging the order granting ad litem fees, Appellant's seven issues address only the recusal motion. No issue among the seven raises error in Judge Robison's ultimate order granting ad litem fees reimbursement, and nothing in Appellant's brief challenges the propriety of the fee order.

Further, the "Arguments and Authorities" section of Appellant's brief comprises a single paragraph of argument that Judge Chu's denial of the motion to recuse was in error and two sentences alleging bias manifested by Judge Chu, Judge Robison, and the

presiding statutory probate judge. These precede two lists of various authorities. The section does not include any discussion of the trial court's order granting ad litem fee reimbursement or even a reference to it.

A brief must contain a clear and concise argument for the contentions made with appropriate citations to authorities and to the record. Tex. R. App. P. 38.1(i). In the absence of appropriate record citations or a substantive analysis, a brief does not present an adequate appellate issue. *NexPoint Advisors, L.P. v. United Dev. Funding IV*, 674 S.W.3d 437, 446 (Tex. App.—Fort Worth 2023, pet. denied). The appellate court has no duty to brief issues for an appellant, and we are likewise not responsible for searching the record for facts that are favorable to the appellant's position. *Id.* Because Appellant did not identify, explain, or otherwise raise any argument as to the ad litem fee order, she has waived any complaints as to that order. *See* Tex. R. App. P. 38.1(i); *Eagle Oil & Gas Co. v. Shale Expl., LLC*, 549 S.W.3d 256, 286 (Tex. App.—Houston [1st Dist.] 2018, pet. dism'd).

## C. Appeal as to Motion to Recuse

Appellant's brief enumerates seven issues, each arguing that Judge Chu erred in denying the motion to recuse Judge Robison.

### 1. Appellant's First Issue

Appellant argues in her first issue that the court abused its discretion when it denied her motion to continue the hearing on her recusal motion.

We review a trial court's ruling on a motion for continuance for an abuse of discretion. *D.R. Horton-Tex., Ltd. v. Savannah Props. Assocs., L.P.*, 416 S.W.3d 217, 222 (Tex. App.—Fort Worth 2013, no pet.); *see BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002). A trial court abuses its discretion if it acts without reference to any guiding rules or principles—that is, if its act is arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004). The decision to grant a continuance rests within the sound discretion of the trial court. *Hernandez v. Heldenfels*, 374 S.W.2d 196, 202 (Tex. 1963). There is no mechanical test for determining when the denial of a continuance is an abuse of discretion. *Guerrero-Ramirez v. Tex. State Bd. of Med. Examiners*, 867 S.W.2d 911, 916 (Tex. App.—Austin 1993, no writ) (citing *Rector v. Tex. Alcoholic Beverage Comm'n*, 599 S.W.2d 800, 801 (Tex. 1980)).

At the hearing on the motion to recuse, Judge Chu offered the reasons for his denial of Appellant's motion. He stated that the motion was denied because it was filed too near the hearing date, the underlying case had been pending for nearly three years at that point, and the next date available to schedule the hearing would put it more than four months after the recusal motion was initially filed. Based upon the record before us, we cannot say the denial was without reference to guiding rules or principles or that it was arbitrary or capricious. *See Guerrero-Ramirez*, 867 S.W.2d at 916 (upholding denial of motion for continuance and noting risk of undue delay in new setting if granted); *see also Gillham v. Sanchez*, No. 05-17-01449-CV, 2019 WL 2082466, at *7 (Tex. App.—

9

Dallas May 13, 2019, pet. denied) (mem. op.) (upholding denial of motion for continuance when movant did not state dates when she would be able to attend future setting).

However, even if Judge Chu had abused his discretion by denying the motion, the error would not be reversible because Appellant has not shown how denial of the motion caused the rendition of an improper judgment. *See* Tex. R. App. P. 44.1 (providing that no judgment may be reversed on appeal on the ground that the trial court made an error of law unless the error probably caused the rendition of an improper judgment). Here, Appellant argues only that the judge "manifested unfairness" by setting the hearing without consideration of her schedule and that the setting required her to "miss work in order to attend said hearing." She does not argue that if the hearing had been continued, the trial court would have granted her recusal motion. And the record provides no indication that the trial court would have ruled differently if the recusal hearing had been delayed.

Accordingly, we overrule Appellant's first issue.

## 2. Appellant's Second Issue

Appellant argues in her second issue that Judge Chu's appointment by the presiding statutory probate judge to hear the recusal motion—and Judge Chu's acceptance of the appointment—was error due to alleged conflicts of interest. Although Appellant filed a motion to recuse Judge Chu, it too was denied. She did not appeal the order denying her motion to recuse Judge Chu, she did not brief an argument

that the denial of the motion was in error, and she has cited no authority for an argument that the presiding statutory probate judge cannot appoint another probate judge from the same county in which that judge presides,[6] so she has waived that point on appeal. *See* Tex. R. App. P. 38.1(i); *Goodenberger v. Ellis*, 343 S.W.3d 536, 539 (Tex. App.—Dallas 2011, pet. denied) ("When a party fails to adequately brief a complaint, he waives the issue on appeal."); *CherCo Properties, Inc. v. Law, Snakard & Gambill, P.C.*, 985 S.W.2d 262, 266 (Tex. App.—Fort Worth 1999, no pet.).

We therefore overrule Appellant's second issue.

### 3. Appellant's Third, Fourth, Fifth, and Sixth Issues

Appellant argues in her third, fourth, fifth, and sixth issues that Judge Chu erred when he determined that her recusal motion did not raise a legal basis for recusal. Appellant contends that denial of Judge Robison's recusal was error because, in trying the underlying guardianship application, Judge Robison had issued erroneous findings of fact and conclusions of law, had allowed other parties to behave in an allegedly disrespectful manner, had granted a motion to exclude evidence, and had allowed one party's attorney to appear in court without the party also present. Appellant contends

---

[6]See Tex. Gov't Code Ann. § 25.00255(a)(3) (providing that, when appointing a judge to hear a recusal motion, a presiding statutory probate judge cannot appoint "a judge of a statutory probate court located in the same county as the statutory probate court served by the judge who is the subject of the motion of recusal or disqualification").

that these actions constitute bias or prejudice sufficient to require Judge Robison's recusal.

We review an order denying a motion to recuse for an abuse of discretion. Tex. R. Civ. P. 18a(j); *Thomas v. Pugliese*, No. 02-18-00064-CV, 2019 WL 3024473, at *3 (Tex. App.—Fort Worth July 11, 2019, no pet.) (mem. op.). A motion to recuse may be granted for any of the reasons stated in Texas Rule of Civil Procedure 18b. *See* Tex. R. Civ. P. 18a(a)(2), 18b. However, the motion may not be granted solely on the basis of the judge's rulings in the case. Tex. R. App. P. 18a(a)(3). Indeed, "[j]udicial rulings alone almost never constitute a valid basis for a motion to recuse based on bias or partiality." *In re B.M.B.*, No. 05-22-01322-CV, 2023 WL 3836429, at *5 (Tex. App.—Dallas June 6, 2023, pet. denied) (mem. op.). In most cases, a dissatisfied litigant's remedy to challenge an unfavorable ruling is not to recuse the judge but to appeal the ruling. *Id.* (first citing *In re City of Dallas*, 445 S.W.3d 456, 467 (Tex. App.—Dallas 2014, orig. proceeding); and then citing *Sommers v. Concepcion*, 20 S.W.3d 27, 41 (Tex. App.—Houston [14th Dist.] 2000, pet. denied)). Rulings become a ground for recusal only when "they display a deep-seated favoritism or antagonism that would make fair judgment 'impossible.'" *Id.* (citing *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 240 (Tex. 2001)).

Typically, a claim of bias or prejudice in rulings must be supported with proof "that the bias arose from an extrajudicial source." *Id.* Without proof of an extrajudicial source, grounds for recusal based upon rulings do not generally arise because, again,

12

recusal should not result from a judge's actions during the pendency of the trial-court proceedings "unless the actions during proceedings indicate a high degree of favoritism or antagonism that renders fair judgment impossible." *Id.* (first citing *Parker v. Cain*, No. 07-17-00211-CV, 2018 WL 4997784, at *2 (Tex. App.—Amarillo Oct. 15, 2018, pet. denied) (mem. op.); then citing *Ludlow v. DeBerry*, 959 S.W.2d 265, 271 (Tex. App.—Houston [1st Dist.] 1997, no writ); and then citing *Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157 (1994)); *see Fox v. Alberto*, 455 S.W.3d 659, 666 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) ("[I]f a party seeks recusal of a judge based on the judge's alleged bias, prejudice, or partiality and if that party does not show that the alleged bias, prejudice, or partiality arose from events occurring outside of judicial proceedings, then the judge may not be recused unless the judge has displayed a deep-seated favoritism or antagonism that would make fair judgment impossible.").

Appellant argues that Judge Robison was required to recuse herself because she granted a motion to exclude evidence. This is a complaint based solely upon a ruling on a motion in court, and so it is insufficient to rise to the level of legal cause to recuse. *See* Tex. R. App. P. 18a(a)(3).

Appellant also argues that Judge Robison demonstrated improper bias by allowing disrespectful conduct by other parties in the case[7] and by allowing a party's

---

[7]For the proposition that Judge Robison disparaged her and "joined with [the attorneys] in their mocking, laughing, and utter disdain of Appellant," Appellant cites

attorney to appear at a hearing on that party's behalf without requiring the party to personally appear. Appellant's brief neither explains why nor cites to cases demonstrating that the alleged disrespect or failure to require a party's personal appearance made fair judgment impossible or deprived her of a fair trial. *See In re H.M.S.*, 349 S.W.3d 250, 254 (Tex. App.—Dallas 2011, pet. denied). "A judge's ordinary efforts at courtroom administration . . . are immune" from recusal claims, and Appellant has failed to demonstrate that the alleged conduct arose from extrajudicial sources or that it demonstrated the kind of deep-seated favoritism or antagonism that deprived her of a fair trial. *See id.*; *see also Trahan v. Lone Star Title Co. of El Paso, Inc.*, 247 S.W.3d 269, 274–75 (Tex. App.—El Paso 2007, pet. denied) (affirming denial of recusal motion based on judge's own behavior when appellant failed to show either extrajudicial source or deprivation of fair trial).

Furthermore, to the extent that Appellant attempts to obtain relief from the May 2023 final judgment by challenging the findings of fact and conclusions of law issued by Judge Robison, she cannot do so in a collateral attack. *See Browning v. Prostok,* 165 S.W.3d 336, 345–46 (Tex. 2005) ("Collateral attacks on final judgments are generally disallowed because it is the policy of the law to give finality to the judgments of the courts."); *see also Cheney v. Norton*, 181 S.W.2d 835, 836 (Tex. App.—Dallas 1944,

---

to reporter's supplemental record of the recusal hearing before Judge Chu, in which Judge Chu comments that the attorney's faces were blank, and that one had sneezed.

14

writ ref'd) (holding that collateral attack on probate orders through bill of review was prohibited).

We overrule Appellant's third, fourth, fifth, and sixth issues.

### 4. Appellant's Seventh Issue

Appellant argues in her seventh and final issue that Judge Chu ruled on the motion to recuse "before he heard [three] sentences of Appellant's testimony." However, the record does not bear out this argument.

Although Judge Chu denied Appellant's recusal motion, he made this ruling only after Appellant gave her testimony and rebuttal in the case. *See In re P.M.*, No. 02-14-00205-CV, 2014 WL 8097064, at \*31–32 (Tex. App.—Fort Worth Dec. 31, 2014, pet. denied) (mem. op. on reh'g). Further, Appellant does not cite any place in the record—and we can find none—at which Judge Chu made any statement reflecting the alleged predetermination. *See id; see also* Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). We overrule Appellant's seventh issue.

## IV. CONCLUSION

Because we have overruled Appellant's issues as to the order denying her motion to recuse, and because Appellant waived any other complaints as to the order requiring her to pay ad litem fees, we affirm the trial court's orders.

/s/ Dana Womack

Dana Womack
Justice

Delivered: December 23, 2025

16